**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Civil Action No. _____ |
| | ) | |
| A.B.S. POWER BRAKE, INC., | ) | |
| PEDRO GOMEZ, | ) | |
| LUCIO GOMEZ, and | ) | |
| GUILLERMO GOMEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT FOR**
**TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT,**
**UNFAIR COMPETITION, FALSE ADVERTISING,**
**AND UNFAIR, UNCONSCIONABLE OR**
**DECEPTIVE METHODS, ACTS OR PRACTICES**

Plaintiff, Robert Bosch LLC, for its complaint against defendants A.B.S. Power Brake, Inc. a/k/a ABS Power Brake, Inc., Pedro Gomez, Lucio Gomez, and Guillermo Gomez (collectively "Defendants"), alleges as follows:

**PARTIES**

1.       Plaintiff, Robert Bosch LLC ("Bosch"), is a Delaware limited liability company with offices at 38000 Hills Tech Drive, Farmington Hills, MI 48331.  Bosch has two members – Robert Bosch North America Corporation, a Delaware corporation with offices at 38000 Hills Tech Drive, Farmington Hills, Michigan 48331, and Robert Bosch Zweite Vermoegensverwaltungsgesellschaft mbH, a German limited liability company with offices in Germany.

2.      Defendant A.B.S. Power Brake, Inc. a/k/a ABS Power Brake, Inc. ("ABS") is a California corporation with its principal place of business at 233 North Lemon Street, Orange, California 92866.

3.      On information and belief, defendant Pedro Gomez resides at 13510 Parker Place, Paramount, California 90723, is president and chief executive officer of ABS, is a moving, active, and conscious force behind ABS, has directed and controlled the activities of ABS complained of herein, and has participated, assisted in, or is responsible for the conduct alleged herein.

4.      On information and belief, defendant Lucio Gomez resides in Orange County, California, 92868, is treasurer and chief financial officer of ABS, is a moving, active, and conscious force behind ABS, has directed and controlled the activities of ABS complained of herein, and has participated, assisted in, or is responsible for the conduct alleged herein.

5.      On information and belief, defendant Guillermo Gomez resides in California, is secretary of ABS, is a moving, active, and conscious force behind ABS, has directed and controlled the activities of ABS complained of herein, and has participated, assisted in, or is responsible for the conduct alleged herein.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is an action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and

costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the Michigan state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b) (2) in that, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

### Bosch and Its HYDRO-BOOST and HYDRO-MAX Trademarks and Products

8.     Bosch manufactures, markets, and sells automotive, consumer, and industrial technology products throughout the United States, including vehicle parts and systems.

9.     Since at least as early as 1974, and long before the acts of Defendants complained of herein, Bosch and its predecessor in interest have used the trademark HYDRO-BOOST to advertise, promote, and sell hydraulic vehicle braking systems. Attached as Exhibit A is a print-out from Bosch's web site displaying its HYDRO-BOOST braking system.

10.     Since at least as early as 1979, and long before the acts of Defendants complained of herein, Bosch and its predecessor in interest have used the trademark HYDRO-MAX in connection with the advertising and sale of hydraulic vehicle braking systems. Attached as Exhibit B is a print-out from Bosch's web site displaying its HYDRO-MAX braking system.

11.     In addition to their long-standing common law rights in the HYDRO-BOOST and HYDRO-MAX trademarks for hydraulic vehicle braking systems, Bosch owns federal trademark registrations and applications as follows:

- 3 -

| MARK | REG. NO./ SER. NO. | REG. DATE/ APP. DATE | GOODS |
|---|---|---|---|
| HYDRO-MAX | 2,681,411 | January 28, 2003 | Vehicle braking systems comprised of hydraulically actuated force amplifying mechanisms, for use on land vehicles up to 20,000 pounds |
| HYDRO-MAX | 2,879,677 | August 31, 2004 | Vehicle braking systems comprised of hydraulically actuated force amplifying mechanisms for use on land vehicles |
| HYDRO-BOOST | 2,625,147 | September 24, 2002 (inadvertently allowed to expire) | Vehicle braking systems comprised of hydraulically actuated force amplifying mechanisms, for use on land vehicles up to 20,000 pounds |
| HYDRO-BOOST | 77/833,856 | September 24, 2009 | Vehicle braking systems comprised of hydraulically actuated force amplifying mechanisms, for use on land vehicles up to 20,000 pounds |

(Bosch's common law, application, and registered marks for HYDRO-BOOST and HYDRO-MAX are hereinafter collectively referred to as the "BOSCH Marks.").

12.     Registration No. 2,681,411 is valid, subsisting, incontestable and constitutes conclusive evidence of Bosch's exclusive right to use throughout the United States the mark identified in the registration for the goods specified therein, pursuant to 15 U.S.C. §§ 1065 and 1115(b).

13.     Registration No. 2,879,677 is valid, subsisting, incontestable and constitutes conclusive evidence of Bosch's exclusive right to use throughout the United States the mark identified in the registration for the goods specified therein, pursuant to 15 U.S.C. § 1057(b).

14.     The hydraulic vehicle braking systems sold under the BOSCH Marks are subject to a strict quality control program implemented by Bosch that protects and preserves all aspects of such braking systems, including their components, safety, appearance and packaging.

15.     Bosch has sold many millions of dollars worth of hydraulic vehicle braking systems under the BOSCH Marks throughout the United States and has expended substantial resources to promote its hydraulic vehicle braking systems under the BOSCH Marks.

16.     As a result of Bosch's extensive sales and promotion, the BOSCH Marks represent extraordinarily valuable goodwill owned by Bosch.

<u>Defendants' Wrongful Conduct</u>

17.     Defendants are in the business of manufacturing, remanufacturing, and selling automobile brake and power steering products, including used braking systems that it obtains, rebuilds, and sells back to the general public.

18.     Defendants are selling, offering for sale, and advertising hydraulic vehicle braking systems under the trademarks HYDRO-BOOST and HYDRO-MAX that are neither genuine, original Bosch hydraulic vehicle braking systems, nor original Bosch hydraulic vehicle braking systems rebuilt to Bosch specifications.  Copies of an ABS catalogue and other promotional materials used by Defendants are attached hereto as composite Exhibit C.  The catalogue is available online for complete download on ABS' website at <abspowerbrake.com>, and upon information and belief, the catalogue and related promotional materials are distributed throughout the United States, including in this judicial district.

19.     Defendants' hydraulic vehicle braking systems have never been authorized or approved by Bosch, but are sold and advertised by Defendants under the BOSCH Marks.  Such

products sold by Defendants incorporate non-genuine Bosch parts and materials which are neither uniform nor meet the specifications of the underlying Bosch hydraulic vehicle braking systems.

20.     On information and belief, some of Defendants' hydraulic vehicle braking systems are advertised as new, but Defendants have failed to inform prospective and actual purchasers that their products are remanufactured, reconditioned or rebuilt and/or that they incorporate non-genuine and non-uniform parts that fail to meet Bosch specifications for the original genuine Bosch parts.

21.     The non-genuine and non-uniform components of Defendants' rebuilt hydraulic vehicle braking systems not only fail to meet Bosch specifications, but also diminish the braking systems' performance and make Defendant's spurious HYDRO-BOOST and HYDRO-MAX products potentially hazardous.

22.     On information and belief, Defendants have been put on notice by third parties, including producers of trade shows, of the false and deceptive nature of advertising and promotion of their products as new or remanufactured, reconditioned or rebuilt Bosch hydraulic vehicle braking systems.

23.     Defendants have marketed their hydraulic vehicle braking systems under the BOSCH Marks to purchasers throughout the United States, and in this judicial district, through advertisements in magazines circulated in this judicial district, and through Defendant ABS' website at <abspowerbrake.com>.  Further, on its website, ABS promotes the fact that it "is proud to have worked with the following publications:  *Rod & Custom, Super Chevy, LowRider Magazine.com, Classic Trucks,* and *Mustang Monthly.*"  In each such publication, stories about

ABS products and activities appear prominently, and are reprinted on ABS' websites. Each of these magazine publications are nationally distributed, including in this judicial district.

24.    Defendants' actions in the manufacture, remanufacture, reconditioning, rebuilding, distribution, advertising and sale of the aforesaid hydraulic vehicle braking systems in connection with the BOSCH Marks are without Bosch's consent.

25.    Defendants' actions as alleged were done with knowledge of Bosch's rights in the BOSCH Marks for the express purpose of trading upon Bosch's goodwill in said BOSCH Marks and business reputation. Defendants intended to create consumer confusion as to the source and origin of Defendants' hydraulic vehicle braking systems, and by doing so, made Defendants' hydraulic vehicle braking systems more marketable and profitable than they otherwise would have been.

26.    Purchasers of Defendants' hydraulic vehicle braking systems are likely to believe that Bosch manufactures, sells, authorizes or approves such products for sale, and as a result thereof, are likely to attribute the inferior quality of Defendants' hydraulic vehicle braking systems to Bosch.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK COUNTERFEITING IN VIOLATION**
**OF SECTIONS 32(1) AND 34 (d)(1)(B) OF THE LANHAM ACT)**

27.    Bosch repeats and realleges the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28.    Defendants' aforesaid use of Bosch's HYDRO-MAX trademark constitutes use of a spurious mark identical to, or substantially indistinguishable from, Bosch's genuine HYDRO-MAX marks which are federally registered for "vehicle braking systems comprised of

hydraulically actuated force amplifying mechanisms, for use on land vehicles," and "vehicle braking systems comprised of hydraulically actuated force amplifying mechanisms, for use on land vehicles up to 20,000 pounds" and in use in United States commerce.

29.     Defendants' acts have caused and/or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of Defendants' hydraulic vehicle braking systems, in that purchasers are likely to believe that Bosch authorizes or controls the sale of Defendants' hydraulic vehicle braking systems, or that Defendants are associated with or authorized by Bosch to sell or remanufacture, recondition or rebuild genuine HYDRO-MAX products.

30.     Defendants' acts constitute trademark counterfeiting in violation of Sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1116 (d)(1)(B).

31.     Bosch has no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause great and irreparable damage to the rights of Bosch in the HYDRO-MAX marks, and to the business, reputation and goodwill of Bosch. Bosch's damages are not yet determined.

## SECOND CLAIM FOR RELIEF
## (TRADEMARK INFRINGEMENT IN VIOLATION
## OF SECTION 32(1) OF THE LANHAM ACT)

32.     Bosch repeats and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     Defendants' aforesaid actions constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34.     Bosch has no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause great and irreparable damage to the rights of Bosch in the HYDRO-MAX marks, and to the business, reputation and goodwill of Bosch. Bosch's damages are not yet determined.

### THIRD CLAIM FOR RELIEF
### (UNFAIR COMPETITION IN VIOLATION
### OF SECTION 43(a)(1)(A) OF THE LANHAM ACT)

35.     Bosch repeats and realleges the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.     Defendants' aforesaid actions have caused and/or are likely to cause confusion, mistake or deception as to the source or origin, sponsorship or approval of Defendants' hydraulic vehicle braking systems, in that purchasers are likely to believe that Bosch authorizes or controls the sale of Defendants' hydraulic vehicle braking systems, or that Defendants are associated with, or authorized by, Bosch to sell genuine HYDRO-BOOST and HYDRO-MAX products, or to remanufacture, recondition or rebuild genuine HYDRO-BOOST and HYDRO-MAX products.

37.     Defendants' aforesaid actions constitute unfair competition with Bosch in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

38.     Bosch has no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause great and irreparable damage to the rights of Bosch in the BOSCH Marks, and to the business, reputation and goodwill of Bosch.  Bosch's damages are not yet determined.

**FOURTH CLAIM FOR RELIEF
(FALSE ADVERTISING IN VIOLATION
OF SECTION 43(a)(1)(B) OF THE LANHAM ACT)**

39.     Bosch repeats and realleges the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.     Defendants advertise their hydraulic vehicle braking systems through the ABS website, ABS catalogue, and at industry trade shows in a manner that falsely suggests that such products are either new or are original Bosch products remanufactured, reconditioned or rebuilt to Bosch specifications, with genuine and uniform Bosch parts.

41.     Such commercial advertising by Defendants constitutes misleading statements of fact that misrepresent the nature, qualities, and characteristics of Defendants' hydraulic vehicle braking systems in violation of 15 U.S.C. § 1125(a)(1)(B).

42.     Bosch has no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause great and irreparable damage to the rights of Bosch in the BOSCH Marks, and to the business, reputation and goodwill of Bosch.  Bosch's damages are not yet determined.

**FIFTH CLAIM FOR RELIEF
(UNFAIR , UNCONSCIONABLE OR DECEPTIVE METHODS, ACTS
OR PRACTICES IN VIOLATION OF THE MICHIGAN
CONSUMER PROTECTION ACT, MICH. COMP. LAWS § 445.901 *et. seq.*)**

43.     Bosch repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     Defendants' aforesaid actions constitute unfair competition and unfair, unconscionable or deceptive methods or practices in violation of the Michigan Consumer

Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 *et. seq*., including but not limited to, subsections MCL §§ 445.903(1)(a), 445.903(1)(c), 445.903(1)(d), 445.903(1)(e), 445.903(1)(f), 445.903(1)(s), 445.903(1)(bb), and 445.903(1)(cc).

45.    Bosch has no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause great and irreparable damage to the rights of Bosch in the BOSCH Marks, and to the business, reputation and goodwill of Bosch.

## SIXTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION)

46.    Bosch repeats and realleges the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.    Defendants' aforesaid actions in selling products bearing the BOSCH Marks, or marks confusingly similar thereto, constitute unlawful trademark infringement and unfair competition under the common law of the State of Michigan in that Defendants have misappropriated the goodwill represented by the BOSCH Marks.

48.    Bosch has no adequate remedy at law.  The conduct of Defendants described above has caused and, if not enjoined, will continue to cause great and irreparable damage to the rights of Bosch in the BOSCH Marks, and to the business, reputation and goodwill of Bosch.  Bosch's damages are not yet determined.

**PRAYER FOR RELIEF**

WHEREFORE, Bosch prays that:

1.      Defendants, their officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendants who receive notice hereof, including but not limited to all subsidiaries, affiliates, distributors, and licensees of Defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter, from

(a)      directly or indirectly infringing the above-described registered and common law BOSCH Marks in any manner, and specifically by:

(i)      using the BOSCH Marks, or any marks similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of the BOSCH Marks, in connection with the manufacture, promotion, sale and/or offering for sale of hydraulic vehicle braking systems, other vehicle braking systems, or other goods or services;

(ii)      using the BOSCH Marks, or any marks similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of the BOSCH Marks, in connection with the remanufacture, reconditioning or rebuilding of original Bosch products;

(iii)      applying said BOSCH Marks, or any such reproduction, counterfeit, copy or colorable imitation of the BOSCH Marks, including but not limited to the marks HYDRO-BOOST or HYDRO-MAX, to any advertisement, website, point of purchase material, catalogue, brochure, sign, print, press release,

vehicle, or other material used in connection with the promotion, sale and/or offering for sale of Defendants' hydraulic vehicle braking systems, or such other goods or services;

(b)     using any mark which is confusingly similar to any of the BOSCH Marks, including but not limited to, the HYDRO-BOOST and HYDRO-MAX marks, in connection with the sale, promotion, sale and/or offering for sale of Defendants' hydraulic vehicle braking systems, other vehicle braking systems, or other goods or services;

(c)     using any other service mark, trade name, logo or design, that tends falsely to represent that, or that is likely to confuse, mislead, or deceive consumers to believe that Defendant's hydraulic vehicle braking systems, other vehicle braking systems, or other goods or services promoted, sold, and/or offered for sale by Defendants, originate from Bosch, or that said goods or services have been sponsored, approved, or licensed by, or are in some way connected or affiliated with, Bosch;

(d)     engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendants, their hydraulic vehicle braking systems, other vehicle braking systems, or other goods or services, are sponsored, approved, or licensed by Bosch, or are in some way connected or affiliated with Bosch;

(e)     affixing, applying, annexing or using in connection with the promotion, advertising sale, and/or offering for sale of Defendants' hydraulic vehicle braking systems, other new or remanufactured, reconditioned or rebuilt vehicle braking systems,

- 13 -

or other goods or services, a false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods or services, including but not limited to, by falsely representing that such products are new Bosch products, or are remanufactured, rebuilt or reconditioned Bosch products, when in fact such goods are not new and/or are not reconditioned to Bosch specifications and/or are not remanufactured with use of uniform and genuine Bosch parts;

(f)    destroying or otherwise disposing of pending final determination of this action:

(i)    all hydraulic vehicle braking systems, other vehicle braking systems, and other goods offered for sale in connection with any of the BOSCH Marks;

(ii)    any promotional and advertising material, web site versions, and any other unauthorized items which reproduce, copy, counterfeit, imitate or bear the BOSCH Marks;

(iii)    any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale or offering for sale of hydraulic vehicle braking systems, other vehicle braking systems, or other goods or services in connection with the BOSCH Marks.

2.    Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

(a)    account for and pay over to Bosch all profits derived by Defendants from their acts of trademark infringement and unfair competition, such award of profits to be trebled in accordance with 15 U.S.C. § 1117(a);

(b)    pay to Bosch the amount of all damages incurred by Bosch by reason of Defendants' acts of trademark infringement and unfair competition, such amount to be trebled in accordance with 15 U.S.C. § 1117(a);

(c)    pay to Bosch the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

(d)    pay to Bosch the greater of treble Defendants' profits or treble actual damages suffered by Bosch, as well as Bosch's costs, attorneys' fees, and prejudgment interest, for their acts of trademark counterfeiting in accordance with 15 U.S.C. § 1117(b);

(e)    pay to Bosch statutory damages for counterfeiting and willful counterfeiting of each of the HYDRO-MAX marks of up to $2 million ($2,000,000) for each type of product sold, offered for sale, or distributed by Defendants, in accordance with 15 U.S.C. § 1117(c)(1) and (2);

(f)    pay to Bosch damages, attorneys' fees, and costs under the MCPA in accordance with MCL § 445.911(2);

(g)    pay to Bosch damages and restitution in accordance with the common law

of the State of Michigan, on account of all loss, damage, and injury caused by

Defendants' acts;

(h)    deliver up for destruction all of the Defendant's counterfeit and infringing

hydraulic vehicle braking systems, other vehicle braking systems, and other products, and

all labels, signs, prints, packaging, and advertisements therefore, and any molds,

matrices, and other means for making the same, in its possession, in accordance with 15

U.S.C. § 1118.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

3.    Bosch have such other and further relief as the Court deems just and equitable.


Respectfully submitted,


Dated:  November 16, 2009          WIENNER & GOULD, P.C.

By: /s/Seth D. Gould_____
        Seth D. Gould (Bar No. P45465)
        950 W. University Dr., Ste. 350
        Rochester, Michigan 48307
        Telephone:  248-841-9400
        Fax:  248-652-2729
        E-mail:  sgould@wiennergould.com


PATTISHALL, McAULIFFE, NEWBURY,
  HILLIARD & GERALDSON LLP

By: s/Belinda J. Scrimenti_____
        Raymond I. Geraldson, Jr.
        Belinda J. Scrimenti (Ill. Bar. No. 6288885)
        Bradley L. Cohn
        Jordan A. Arnot
        311 S. Wacker Drive, Suite 5000
        Chicago, Illinois 60606
        Telephone:  312-554-8000
        Fax:  312-554-8015
        E-mail:  bscrimenti@pattishall.com

Attorneys for Plaintiff Robert Bosch LLC