UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH LLC,

    Plaintiff,

v.

A.B.S. POWER BRAKE, INC., PEDRO
GOMEZ, LUCIO GOMEZ, and
GUILLERMO GOMEZ,

    Defendants.
                                  /

Case No. 09-14468

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 10, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

On November 16, 2009, Robert Bosch LLC ("Bosch") filed this suit against A.B.S. Power Brake, Inc. ("ABS") and three ABS officers, alleging violations of Michigan and federal law in connection with ABS's sale of vehicle braking systems. Before the Court is Bosch's motion for sanctions, filed pursuant to Federal Rules of Civil Procedure 26(g) and 37(b). Also before the Court is Bosch's motion to dismiss counterclaims and strike certain affirmative defenses, filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f). The Court heard oral argument on May 4, 2011, and ABS's counsel stated that ABS would not oppose Bosch's motion to dismiss counterclaims and strike affirmative

defenses. The Court therefore grants this motion. For the reasons stated below, the Court grants Bosch's motion for sanctions and orders Defendants to comply with the Eastern District of Michigan's local counsel rule.

## I. Factual and Procedural Background

Bosch manufactures and sells vehicle parts, and claims that it has used the names "HYDRO-BOOST" and "HYDRO-MAX" to sell hydraulic braking systems since the 1970's. Compl. ¶¶ 8-10. ABS manufactures, remanufactures, and sells vehicle braking and power steering systems. Bosch claims that ABS has used the "HYDRO-BOOST" and "HYDRO-MAX" trademarks without authorization to advertize and sell ABS braking products. Compl. ¶¶ 18-19. Bosch asserts that ABS markets its products in Michigan and across the United States through magazine advertising and the internet.

On November 16, 2009, Bosch filed this action, seeking damages and an injunction prohibiting further trademark infringement by Defendants. Defendants moved to dismiss the Complaint for lack of personal jurisdiction on January 20, 2010. In their motion to dismiss, Defendants asserted that this Court could not exercise personal jurisdiction over them because they lacked sufficient contacts in Michigan. Bosch requested discovery that would support its allegations of personal jurisdiction or refute Defendants' denial of sufficient contacts, and Magistrate Judge Donald A. Scheer granted this request in an Opinion and Order dated June 14, 2010.

On November 22, 2010, Bosch filed a response to Defendants' motion to dismiss, arguing that the motion must be denied because Defendants had more than the sufficient contacts necessary for this Court to exercise personal jurisdiction. Bosch cited, *inter alia*,

2

ABS's sales of more than $168,000 worth of products to Michigan residents, shipments of catalogs to Michigan residents, frequent telephone calls to Michigan customers, operation of an internet site to accept orders, and various nationwide marketing initiatives. A few weeks later, Defendants withdrew their motion to dismiss. On January 14, 2011, Bosch moved for sanctions, arguing that they are warranted by Defendants' misrepresentations and conduct in contesting personal jurisdiction.

## II. Discussion

### A. Standards of Review

Federal Rule of Civil Procedure 26(g)(1)(B)(ii) requires an attorney or a party to sign discovery filings, including responses, certifying to the best of the person's knowledge that they are not aimed for improper purposes, such as "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." The rule requires the attorney to "make a reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26 advisory committee's notes, 1983 amendments. An objective standard is used. *Id.* "The rule requires a court to impose sanctions for any violation without 'substantial justification.'" *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010) (quoting Fed. R. Civ. P. 26(g)(3)). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

Federal Rule of Civil Procedure 37(b) provides that the Court may sanction a party for refusal "to obey an order to provide or permit discovery." "[A] party 'refuses to obey' simply by failing to comply with an order." *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208, 78 S. Ct. 1087, 1094

(1958). The party's bad faith is relevant only in determining the appropriate sanction; it does not affect the fact of noncompliance. *Id.* The Court considers three factors when weighing such sanctions: (1) whether the adversary was prejudiced by the party's failure to cooperate in discovery, (2) whether the party was warned that failure to cooperate could lead to sanctions, and (3) whether less drastic sanctions were imposed or considered. *Taylor v. Medtronics, Inc.*, 861 F.3d 980, 986 (6th Cir. 1988). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court also has the inherent authority to sanction bad-faith conduct in litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 2135 (1991). The Court may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (quoting *Alyeska Pipeline Srv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259, 95 S. Ct. 1612, 1622 (1975)). The Sixth Circuit has upheld district courts' use of their inherent authority to sanction conduct "tantamount to bad faith." *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 519 (6th Cir. 2002).

**B. Jurisdictional Discovery Responses**

In their responses to Bosch's first set of requests for admission, Defendants denied that ABS sold "HYDRO-BOOST" or "HYDRO-MAX" products to persons located in Michigan or shipped those products to Michigan addresses. Pl.'s Br. Supp. Mot. Sanctions Ex. 3 ¶¶ 7-8. Defendants made similar representations in their responses to Bosch's first

4

set of interrogatories, stating that ABS made "zero" sales of "HYDRO-BOOST" and "HYDRO-MAX" products to Michigan customers. Pl.'s Br. Supp. Mot. Sanctions Ex. 7 ¶ 18. Defendant Lucio Gomez later admitted that this information was false, L. Gomez Dep. 190:17, Sep. 22, 2010, and during jurisdictional discovery, Defendants provided invoices detailing over $23,000 worth of "HYRDO-BOOST" and "HYDRO-MAX" products to Michigan customers during the last five years. McCraw Decl. ¶ 4, Pl.'s Br. Supp. Mot. Sanctions Ex. 4. The Court accordingly concludes that Defendants responded falsely to Bosch's discovery requests.

Rule 26(g) does not impose sanctions for every false response to a discovery request; it only requires the attorney to "make a reasonable inquiry into the factual basis of his response." Fed. R. Civ. P. 26 advisory committee's notes, 1983 amendments. Defendants Pedro, Lucio, and Guillermo Gomez claim that they did not recall any transactions with Michigan customers. They have conceded, however, that they had not "spent much time taking orders over the phone or retrieving fax orders or email inquiries." Defs.' Br. Opp'n Mot. Sanctions 2. The principals apparently "quizzed" the order-taking employees, who also did not recall any transactions with Michigan customers. *Id.* Defendants admit that they did not review "stored-away paper records" detailing sales before submitting their responses to Bosch. *Id.* Lucio Gomez testified that ABS maintains computerized invoice records, but it is not clear that these records were searched. L. Gomez Dep. 14:13-25.

The Court concludes that Defendants and their counsel failed to make a reasonable inquiry under the circumstances. ABS sells its products through well-known national trade shows, automotive magazines, and the internet. Given this extensive nationwide

5

marketing effort, it is implausible for Defendants to assert that they were surprised to discover sales of products to Michigan customers. Before unequivocally denying any contact with Michigan, Defendants were required to perform at least a cursory review of ABS's sales records. Defendants' reliance on a few inquiries to order-takers without further investigation suggests, at best, willful blindness. The Court cannot condone such conduct. Defendants have provided no explanation for their failure to examine sales records, other than noting that a search could be time-intensive. This claim is insufficient in light of Defendants' discovery obligations, and cannot constitute "substantial justification" for their inaction. Sanctions under Rule 26(g) are therefore appropriate.[1]

### C. Other Statements and Conduct

Bosch has presented evidence of other false statements and conduct resulting in increased litigation costs and delays. Although Federal Rules of Civil Procedure 26 and 37 apply only to discovery, the Court notes that it has the inherent power to sanction litigation conduct that is tantamount to bad faith. *See First Bank*, 307 F.3d at 519.

The Court concludes that Defendants' conduct was improper. Defendant Pedro Gomez, ABS's President, submitted a sworn declaration in support of Defendants' motion to dismiss, stating: "At no time has anyone in the employ of ABS, in any capacity, participated in any commercial activity of any kind in the State of Michigan." P. Gomez

---

[1] The Court believes that sanctions are equally justified under Federal Rule of Civil Procedure 37(b) for failure to comply with an order to provide discovery. The Court concludes that Bosch has been prejudiced by Defendants' conduct, as it was required to pursue discovery in opposing a motion that Defendants ultimately withdrew, and resolution of this litigation was delayed for several months due to Defendants' conduct.

Decl. ¶ 11. In light of facts revealed by jurisdictional discovery, this statement is false, as ABS has sold at least $23,000 worth of the "HYRDO-BOOST" and "HYRDO-MAX" products in this State, and Bosch has introduced evidence of over 200 sales transactions with Michigan residents between 2004 and 2010, totaling sales of over $145,000. *See* McCraw Decl. ¶ 3. Given the evasive language used throughout Gomez's declaration, and the subsequent discovery of contradictory information, the Court cannot conclude that the false representations were innocent mistakes.

Defendants have also provided troubling responses to inquiries regarding their destruction of documents. Lucio Gomez testified that in December 2009, ABS destroyed documents from 2004. L. Gomez Dep. 18:7-17. This was only a few weeks after this action was filed, and contradicts the testimony of Pedro Gomez, who stated that these documents were destroyed in 2004. P. Gomez Dep. 27:16-18. Lucio Gomez changed his testimony later when confronted with some 2004 invoices, stating that all documents from 2004 had been produced. L. Gomez Dep. 31:6-32:25. Lucio Gomez has also admitted that it is his practice to delete e-mail messages older than nine months, and that he has continued this practice since this suit was filed. L. Gomez Dep. 131:13-18. In light of Defendants' false statements regarding contacts with Michigan, this apparent destruction of documents appears to have been calculated to frustrate Bosch's discovery efforts.

## D. Determination of an Appropriate Sanction

Defendants' conduct has needlessly prolonged this litigation. Had they been truthful regarding their contacts with Michigan, substantial delays and discovery costs associated with the personal jurisdiction inquiry would have been avoided. Bosch has asked the

7

Court to order Defendants to pay the reasonable expenses, including attorney's fees, spent in opposing the motion to dismiss. The Court concludes that such an award is appropriate.

### III. Conclusion

For the reasons stated above, the Court grants Bosch's motion for sanctions and its motion to dismiss Defendants' intentional interference counterclaims and strike certain affirmative defenses. Out of an abundance of caution, Bosch has requested leave to answer Defendants' remaining counterclaims after the Court has ruled on the motion to dismiss. Because a party generally need not file an answer until a motion for partial dismissal is resolved, *see Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir. 2006), the Court grants Bosch leave to answer Defendants' remaining counterclaims within the fourteen-day period set forth by Federal Rule of Civil Procedure 12(a)(4).

The Court also notes that the Eastern District of Michigan has a local rule which requires that:

> Any member of the bar of this court who is not an active member of the State Bar of Michigan must not appear as attorney of record in any case without specifying on the record, as local counsel, a member of the bar of this court having an office within the district upon whom service of all papers may be made.

Eastern District of Michigan Local Rule 83.20(f). Counsel for Defendants has failed to comply with this Rule.

Accordingly,

**IT IS ORDERED** that Bosch's motion for sanctions is **GRANTED**. Bosch is directed to submit within **twenty-one (21) days** of the date of this Opinion and Order a detailed statement of expenses, including attorney's fees, spent in opposing the motion to

8

dismiss.

**IT IS FURTHER ORDERED** that Defendants' intentional interference counterclaims (Defendants' third and fourth counterclaims for relief) are **DISMISSED**;

**IT IS FURTHER ORDERED** that the affirmative defenses stated in Defendants' Answer are stricken, except for the following: "Failure to State a Claim," "First Amendment," "Fair Use," "First Sale Doctrine," "Third-Party Use," "Genericism," and "Abandonment";

**IT IS FURTHER ORDERED** that Defendants shall comply with Eastern District of Michigan Local Rule 83.20(f) within **forty-five (45) days** of the date of this Opinion and Order. Failure to comply with this Rule will subject Defendants to sanctions, including striking all pleadings filed on behalf of Defendants.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Belinda J. Scrimenti, Esq.
Seth D. Gould, Esq.
David C. Kadin, Esq.