UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH LLC,

    Plaintiff,

v.

A.B.S. POWER BRAKE, INC., PEDRO
GOMEZ, LUCIO GOMEZ, and
GUILLERMO GOMEZ,

    Defendants.
    _____/

Case No. 09-14468

Honorable Patrick J. Duggan

## OPINION AND ORDER AWARDING SANCTIONS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 25, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Robert Bosch LLC ("Plaintiff") filed this action against A.B.S. Power Brake, Inc. ("ABS") and three ABS officers (collectively, "Defendants"), alleging violations of Michigan and federal law in connection with ABS's sales of vehicle braking systems. Before the Court is Plaintiff's declaration of attorney's fees and expenses, filed pursuant to this Court's order of May 10, 2011. Defendants have objected to Plaintiff's declaration and have also filed two additional pleadings requesting various forms of relief. For the reasons stated below, the Court denies Defendants' requests and awards Plaintiff sanctions in the amount of $152,082.65.

## I. Procedural Background

On January 20, 2010, shortly after Plaintiff filed this suit, Defendants moved to dismiss the Complaint for lack of personal jurisdiction. In their motion, Defendants argued that ABS had "no contacts at all" with the state of Michigan. Magistrate Judge Donald A. Scheer granted Plaintiff's request for limited discovery to support its allegations of personal jurisdiction. Plaintiff conducted discovery and responded to the motion to dismiss on November 22, 2010, arguing that ABS's contacts with the state of Michigan were more than sufficient for this Court to exercise personal jurisdiction. Defendants withdrew their motion to dismiss a few weeks later.

Plaintiff moved for sanctions, arguing that Defendants' misrepresentations prolonged this litigation and caused Plaintiff to incur unnecessary expenses. After holding a hearing on the matter, the Court granted Plaintiff's motion in an Opinion and Order dated May 10, 2011. The Court directed Plaintiff to submit a detailed statement of expenses, including attorney's fees, incurred in opposing Defendants' motion to dismiss. Plaintiff filed its declaration on May 31, 2011, detailing expenses totaling $275,278.25.

Defendants filed objections on June 10, 2011. That same day, Defendants also filed two distinct pleadings titled "Request for Post-Judgment Postponement of Final Ruling on Plaintiff's Motion for Sanctions; Alternatively, for 60 Day Extension of Time to Request Reconsideration and/or Otherwise Respond to and/or Oppose Plaintiff's Motion for Sanctions and/or Declaration in Support of Attorney Fees."

In the first of these two pleadings, Dkt. #86, Defendants seek a sixty-day stay in

these proceedings while they obtain substitute counsel and local counsel.[1] Alternatively, Defendants argue that Plaintiff's claimed expenses are improper, and accordingly, the Court should deny Plaintiff's request in its entirety or reduce any award to an unspecified amount less than $18,792.00.

In their second "request," Dkt. #88, Defendants argue that this Court must delay resolution of the motion for sanctions because resolving it could lead to a dispute between Defendants and their previous counsel,[2] resulting in the disclosure of information subject to the attorney-client privilege. Alternatively, Defendants seek a stay to allow their counsel to raise new arguments for a reduced sanction.

## II. Discussion

### A. Defendants' Requests to Stay These Proceedings

Defendants seek a stay while they obtain substitute counsel. They have provided no legal authority in support of this request, asserting only that substitute counsel might argue that a *de minimis* sanction is appropriate because Defendants relied on the advice of their previous counsel. The Court already concluded in its May 10, 2011 Opinion and Order that the appropriate sanction in this case is the reasonable expenses Plaintiff incurred in opposing the motion to dismiss. The record before this Court indicates that Defendants made affirmative misrepresentations of fact. Both the Declaration of Pedro Gomez, Dkt.

---

[1] In its May 10, 2011 Opinion and Order, the Court directed Defendants to obtain local counsel as required by Eastern District of Michigan Local Rule 83.20(f).

[2] Defendants' local counsel entered an appearance with this Court on June 24, 2011, and their substitute counsel entered an appearance on August 1, 2011.

#7, and Defendants' responses to Plaintiff's first set of interrogatories, Dkt. #66, contain statements misrepresenting the extent of Defendants' contacts with the state of Michigan. Defendant Pedro Gomez signed his Declaration, and the responses to interrogatories indicate that Defendants Pedro Gomez, Guillermo Gomez, and Lucio Gomez provided information and assisted in the preparation of the responses. Under these circumstances, the Court has concluded that a *de minimis* sanction is insufficient. Defendants' request for a stay appears to be an improper attempt to relitigate this issue. A stay cannot be justified on such grounds.

Defendants also argue that a stay should be granted because resolving the motion for sanctions could lead to a dispute between Defendants and their previous counsel, resulting in the disclosure of information protected by the attorney-client privilege. Defendants never raised this argument in response to Plaintiff's motion for sanctions, and therefore waived it. *See Murphy v. Procter & Gamble Co.*, 695 F. Supp. 2d 600, 603 (E.D. Mich. 2010). Again, such a stay would allow Defendants to effectively relitigate Plaintiff's motion for sanctions. Furthermore, even if Defendants later assert that they violated the discovery rules in reliance on counsel's advice, they are free to pursue a claim against him separately without causing further delay in this litigation.

**B. Determination of an Appropriate Sanction**

Having concluded that a stay is unnecessary, the Court next turns to the matter of determining a proper sanction. Plaintiff seeks an award of $275,278.25 based on its costs and attorney's fees incurred in opposing Defendants' motion to dismiss. Defendants raise a variety of arguments in response, and the Court shall address each of these below.

"In an attorneys' fee case, the primary concern is that the fee awarded be 'reasonable.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). "A reasonable fee is 'one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys.'" *Reed*, 179 F.3d at 471 (quoting *Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 1548 (1984)) (alteration in original). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter*, 510 F.3d at 616 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939 (1983)). The Court may consider a number of other factors in determining whether an increase or decrease from the lodestar is warranted, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 434 n.9, 103 S. Ct. at 1940 n.9. The Court must provide a clear and concise explanation of its reasons for the fee award. *Gonter*, 510 F.3d at 616.

Defendants assert that Plaintiff's counsel's hourly fees are excessive. "A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'" *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (quoting *Blum*, 465 U.S. at 895, 104 S. Ct. at 1547). "[T]he 'prevailing market rate' is that rate which lawyers of comparable

5

skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains his office." *Id.* (citing *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997)). The prevailing market rate should not exceed the amount necessary to cause competent legal counsel to perform the work required. *Gonter*, 510 F.3d at 616 (citing *Coulter v. Tennessee*, 805 F.2d 146, 148-49 (6th Cir. 1986)).

Plaintiff's Chicago-based counsel details the billing rates of several individuals involved in opposing Defendants' motion to dismiss:

| | | |
|---|---|---|
| Belinda Scrimenti | Partner | $550 |
| Raymond Geraldson, Jr. | Senior Partner | $600 |
| Scott Lonardo | Associate | $340 |
| Ian Block | Associate | $280 |
| Jasmine Davis | Associate | $280 |
| Louise Tennis | Paralegal | $220 |
| Seth Gould | Local Counsel | $280 |

Scrimenti Decl. ¶ 6, 17. The fees of Plaintiff's Chicago-based counsel may be considered reasonable in that legal market, but the Court believes that these rates exceed the amount necessary to cause competent legal counsel in southeast Michigan to perform this work. Plaintiff states that its local counsel, Seth D. Gould, is an accomplished litigator with 20 years of experience who represents Plaintiff in a variety of matters. *Id.* ¶ 16. The Court believes that someone of Mr. Gould's skill and experience could adequately perform the work required in opposing the motion to dismiss for lack of jurisdiction, and thus, he would provide a suitable comparison in the metro Detroit legal market. The Court concludes that Mr. Gould's hourly fee of $280.00 is reasonable under the circumstances. The Court therefore concludes that an hourly fee of $280.00 should be applied to the hours

worked by Ms. Scrimenti, who appears to be Plaintiff's lead attorney in this case based on hours billed. This figure represents approximately a 49% reduction from the stated hourly rates of Plaintiff's counsel, and the Court concludes that the remaining professionals' fees should be similarly adjusted. This leads to the following hourly rates:

| | |
|---|---|
| Belinda Scrimenti | $280 |
| Raymond Geraldson, Jr. | $305 |
| Scott Lonardo | $173 |
| Ian Block | $142 |
| Jasmine Davis | $142 |
| Louise Tennis | $112 |
| Seth Gould | $280 |

These hourly rates, when multiplied by the number of hours billed, provide the following lodestar amounts:

| | |
|---|---|
| Belinda Scrimenti | $78,820.00 |
| Raymond Geraldson, Jr. | $ 2,074.00 |
| Scott Lonardo | $39,997.60 |
| Ian Block | $ 2,059.00 |
| Jasmine Davis | $ 1,207.00 |
| Louise Tennis | $ 3,293.80 |
| Seth Gould | $ 5,264.00 |
| **Total:** | $132,714.40 |

Plaintiff has also itemized the costs incurred in opposing the motion, totaling $19,368.25. Summing these amounts provides a total award of $152,082.65.

Defendants argue that Plaintiff's counsel engaged in "block billing,"[3] but have failed to support this assertion. The Court has carefully reviewed the records provided by Plaintiff's counsel, *see* Scrimenti Decl. Exs. A-Q, and notes that time records are provided

---

[3] Defendants have described "block billing" as the practice of reporting one time period during which multiple discrete tasks are completed. They allege that this practice can result in a 10-30% increase in billings.

7

for each task. As there is no evidence of "block billing," the Court rejects Defendants' objection. Defendants also assert that Plaintiff's counsel submitted to the Court "raw" numbers of hours worked, rather than hours billed. Plaintiff's counsel denies this, and Defendants have failed to point to anything in the timekeeping records supporting this speculative conclusion.

Defendants next argue that Plaintiff's counsel has included in its records time spent on tasks unrelated to opposing the motion to dismiss. Defendants specifically point to a review of lists of trade shows attended by ABS, but Plaintiff's counsel has explained that this review was necessary to demonstrate ABS's contacts with Michigan attendees at the shows. This task is obviously connected with the establishment of personal jurisdiction over ABS. Defendants also point to 1.7 hours spent planning Plaintiff's response to the motion to dismiss, but the Court cannot agree that such analysis was excessive under these circumstances. The Court has carefully reviewed the records provided by Plaintiff's counsel, and concludes that the hours claimed are limited to those spent opposing the motion to dismiss.

Defendants contend that the lodestar should be reduced by 75% based on the result obtained. Defendants assert that Plaintiff only established personal jurisdiction over ABS, rather than the remaining three Defendants. Plaintiff correctly points out that Defendants' motion to dismiss only addressed personal jurisdiction over ABS, and did not argue that jurisdiction over the remaining three Defendants was lacking. The remaining Defendants therefore waived any objection to this Court's exercise of personal jurisdiction. *See* Fed. R. Civ. P. 12(h)(1). The Court concludes that Plaintiff was completely successful in

opposing the motion to dismiss, as Defendants withdrew the motion shortly after Plaintiff responded to it.

Finally, Defendants assert that Plaintiff's counsel should not be permitted to include travel time in the expenses claimed. Defendants argue that allowing such expenses would penalize them for Plaintiff's choice to retain counsel outside from outside Michigan. The Court may consider the length and nature of counsel's professional relationship with the client in determining whether a fee is reasonable. *Hensley*, 461 U.S. at 434 n.9, 103 S. Ct. at 1940 n.9. Plaintiff's counsel has represented Plaintiff for twenty years in intellectual property matters and is familiar with Plaintiff's staff and products. In this light, Plaintiff's decision to retain its usual counsel in this litigation appears to be reasonable. Although this arrangement may have required travel in a few instances, the Court believes that counsel's accumulated knowledge and experience with Plaintiff's affairs probably saved time and money in pursuing this lawsuit. Nor do the travel costs themselves appear to be excessive. Plaintiff's counsel has stated that economy-class airfare was used, and it appears that travel costs relating to the two hearings held in Detroit are only a small portion of the expenses Plaintiff incurred. Defendants cannot complain about the costs of travel to Los Angeles for depositions, as jurisdictional discovery was required in order to expose Defendants' misrepresentations, and such travel costs would have been incurred even by Detroit-based counsel.

### III. Conclusion

The Court has carefully reviewed the records provided by Plaintiff's counsel and has considered the objections raised by Defendants. Defendants' misrepresentations required

Plaintiff's counsel to engage in jurisdictional discovery over a period of several months to prove their allegations. Even after turning over considerable evidence of ABS's contacts with the state of Michigan, Defendants did not withdraw their motion to dismiss until Plaintiff formally responded to the motion. Defendants' misconduct needlessly prolonged this litigation for almost a year and caused Plaintiff to incur considerable expense. The Court also notes that Plaintiff was successful in opposing the motion to dismiss.

Accordingly,

**IT IS ORDERED** that Plaintiff is awarded attorney's fees and costs in the amount of $152,082.65 based on Defendants' conduct in opposing personal jurisdiction.

                                                                     s/PATRICK J. DUGGAN
                                                                     UNITED STATES DISTRICT JUDGE

Copies to:

Belinda J. Scrimenti, Esq.
Seth D. Gould, Esq.
Brian Kinder, Esq.
Jeffrey P. Thennisch, Esq.