UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOSCH LLC,

    Plaintiff,

v.

A.B.S. POWER BRAKE, INC., PEDRO GOMEZ, LUCIO GOMEZ, and GUILLERMO GOMEZ,

    Defendants.
    _____/

Case No. 09-14468

Honorable Patrick J. Duggan

## ORDER CLARIFYING THE COURT'S AUGUST 25, 2011 ORDER AWARDING SANCTIONS

In this action, Robert Bosch LLC ("Plaintiff") alleges that A.B.S. Power Brake, Inc. ("ABS") and three ABS officers (collectively, "Defendants") violated Michigan and federal law in connection with the sale of vehicle braking systems. Defendants moved to dismiss the suit for lack of personal jurisdiction, but through discovery, Plaintiff obtained evidence indicating that Defendants' contacts with the state of Michigan were sufficient for this Court to exercise personal jurisdiction. Defendants subsequently withdrew their motion to dismiss. Plaintiff moved for sanctions, including the attorney's fees incurred in opposing the motion to dismiss. The Court granted Plaintiff's motion, and on August 25, 2011, awarded Plaintiff sanctions in the amount of $152,082.65. Defendants have not made payment of these sanctions, and this matter is now before the Court on Plaintiff's request for confirmation of the date for payment.

Defendants' response to Plaintiff's request demonstrates that the timing of payment is not the only outstanding dispute with respect to the award of sanctions. Defendants argue that the Court's order did not make clear which Defendants were responsible for payment. Defendants assert that ABS alone should be liable for these sanctions, while Plaintiff contends that the Court clearly imposed liability on the individual Defendants as well. The Court believes that addressing this issue now is appropriate, as it will move this litigation forward and spare the parties an additional round of briefing.

Sanctions were justified in part by false statements made in response to Plaintiff's interrogatories and requests for admission. The Court determined that Defendants' responses demonstrated a failure to make reasonable inquiry into the factual basis of the response, in violation of Federal Rules of Civil Procedure 26(g) and 37(b). Each of the individual Defendants certified that he had reviewed the responses and that the statements contained therein were true. *See* Pl.'s Br. Supp. Mot. Sanctions Exs. 3, 7. The Court also noted false statements in the individual Defendants' depositions and sworn declarations. For these reasons, the Court believes that sanctions against ABS and the individual Defendants are appropriate. "Joint and several apportionment is not uncommon when levying sanctions," *Thomas v. Tomlinson*, No. 08-13703, 2011 U.S. Dist. LEXIS 134637, at *6 (E.D. Mich. Nov. 22, 2011) (collecting cases), and the Court concludes that such liability is appropriate here. Thus, the Court now clarifies that ABS and the individual Defendants are jointly and severally liable for the sanctions awarded in the order dated August 25, 2011.

As for the timing of payment, the Court concludes that payment should be made

within **thirty (30) days** of the date of this Order.  The Court also notes that Magistrate Judge Michael Hluchaniuk recently awarded Defendants sanctions of $10,000.00 in connection with Plaintiff's discovery responses.  Magistrate Judge Hluchaniuk's order, entered on February 3, 2012, specified that payment of those sanctions would be deferred so as to be contemporaneous with the payment of the sanctions ordered by this Court.

Accordingly,

**IT IS ORDERED** that Defendants make payment of the sanctions awarded pursuant to this Court's order dated August 25, 2011 within **thirty (30) days** of the date of this Order.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Dated: February 15, 2012

Copies to:

Belinda J. Scrimenti, Esq.
Seth D. Gould, Esq.
Brian Kinder, Esq.
Jeffrey P. Thennisch, Esq.