# Exhibit 1(a)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Civil Action No. 2:09-cv-14468 |
| | ) | |
| A.B.S. POWER BRAKE, INC., | ) | Judge Patrick J. Duggan |
| PEDRO GOMEZ, | ) | |
| LUCIO GOMEZ, and | ) | |
| GUILLERMO GOMEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO
## DEFENDANT A.B.S. POWER BRAKE, INC.

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant A.B.S. Power Brake, Inc. within thirty (30) days, answer fully, separately, in writing, and under oath each of the interrogatories set forth below, subject to the following definitions and instructions:

### DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the term "Bosch" or "Robert Bosch" means Plaintiff Robert Bosch LLC, its predecessors in interest, related organizations, and the officers, directors, employees, agents and representatives thereof.

B.      As used herein, the term "ABS" means A.B.S. Power Brake, Inc., its predecessors in interest, its subsidiary and related organizations, and the officers, directors, employees, agents and representatives thereof, including without limitation, Pedro Gomez, Lucio Gomez, and Guillermo Gomez.

C.      As used herein, the term "Gomez Defendants" refers to Defendants Pedro Gomez, Lucio Gomez, and Guillermo Gomez, individually and collectively.

D.      As used herein, the term "Bendix" means Bendix Commercial Vehicle Systems LLC, Bosch's predecessor-in-interest to the trademarks HYDRO-BOOST and HYDRO-MAX, as well as the products bearing these marks.

E.      If a privilege is relied upon in declining to provide any information or document in response to an interrogatory or a part thereof, identify the nature of the privilege and:

      1.      for documents, provide the following: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify each document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other; and

      2.      for oral communications, provide the following: (a) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and place of communication; and (c) the general subject matter of the communication.

F.      As used herein, the term "documents" includes but is not limited to all writings, correspondence, books, memoranda, invoices, contracts, purchase orders, receipts, pamphlets, publications, studies, catalogs, periodicals, labels, packaging, displays, photographs, slides, videotapes, films, artwork, drawings, sketches, illustrative materials, circulars, price lists, advertisements, layouts, tear sheets, electronically stored information, magnetic recording tapes,

microfilm, computer disks, computer hard drive, electronic mail, web site pages, computer records or data, and other storage means by which information is retained in retrievable form, and all other materials whether printed, typewritten, handwritten, recorded, or reproduced by any process.

G.    As used herein, the term "person" includes any corporation, division, agency, or other entity, as well as any individual.

H.    Whenever an interrogatory seeks information to "identify" a person and that person is an individual, the interrogatory answer should provide the following information:

    1.    the person's full name;

    2.    the person's employer;

    3.    the person's position or title; and

    4.    the person's last known address and telephone number.

I.    Whenever an interrogatory seeks information to "identify" a person or entity and the person or entity is a corporation, division, agency, or other entity, the interrogatory answer should provide the following information:

    1.    the person or entity's full name; and

    2.    the person or entity's last known address and main telephone number.

J.    As used herein, the word "and," as well as the word "or," shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the document request all responsive documents that might otherwise be construed to be outside its scope.

K.     As used herein, the singular shall always include the plural and the present tense shall always include the past tense, and vice versa.

L.     As used herein, the terms "HYDRO-BOOST" and "HYDRO-MAX" refer to Bosch's HYDRO-BOOST and HYDRO-MAX trademarks, respectively, which are identified and described in Paragraphs 9-13 of the Complaint in this matter.

M.     As used herein, the terms "HYDRO-BOOST" and "HYDRO-MAX" shall be construed to include alternate spellings of those terms, with or without hyphens and capitalization, as one or two words, and the phonetic equivalents of those terms.

N.     As used herein, "ABS's HYDRO-BOOST Products" refers to any and all new, rebuilt, reconditioned, refurbished, or remanufactured products sold by ABS in connection with a term or mark consisting in whole or in part of HYDRO-BOOST, or the phonetic equivalents thereof. ABS's HYDRO-BOOST Products include any and all products for which the mark HYDRO-BOOST or any phonetic equivalent thereof appears in any advertising for, invoices relating to, product packaging for, affixed to, and/or engraved on such products.

O.     As used herein, "ABS's HYDRO-MAX Products" refers to any and all new, rebuilt, reconditioned, refurbished, or remanufactured products sold by ABS in connection with a term or mark consisting in whole or in part of HYDRO-MAX, or the phonetic equivalents thereof. ABS's HYDRO-MAX Products include any and all products for which the mark HYDRO-MAX or any phonetic equivalent thereof appears in any advertising for, invoices relating to, product packaging for, affixed to, and/or engraved on such products.

P.     As used herein, "ABS's ELECTRO-HYDROBOOST Products" refers to any and all new, rebuilt, reconditioned, refurbished, or remanufactured products sold by ABS in

connection with a term or mark consisting in whole or in part of ELECTRO-HYDROBOOST, or

the phonetic equivalents thereof.  ABS's ELECTRO-HYDROBOOST Products include any and

all products for which the mark ELECTRO-HYDROBOOST or any phonetic equivalent thereof

appears in any catalogue, website page, advertising for, invoices relating to, product packaging

for, affixed to, and/or engraved on such products.

      Q.    All interrogatories should be interpreted to call for information about any and all

of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-

HYDROBOOST Products identified by such mark(s) in a catalogue, the website, or other

advertising material, but not identified by such trademark on invoices, and instead described by

other terms, as exemplified by (but not inclusive of) invoices identified by Pedro Gomez in his

September 23, 2010, deposition, Exhibit 7, numerous document identification numbers (P.

Gomez Deposition pp. 137-45).

## INTERROGATORIES

      1.    Identify, pursuant to Instructions H and/or I, in addition to the Gomez Defendants,

all current and former employees of ABS from the date of ABS's incorporation to the present,

including but not limited to all employees identified by name in depositions, and including but

not limited to the "machinist" who "moved to Mexico," as referenced in Pedro Gomez's

deposition (P. Gomez Dep. p. 121).

      2.    State ABS's annual dollar and unit volume of sales of all products collectively, for

each year from the date of ABS's incorporation to the present.

      3.    Identify by name, part number and/or kit number, and describe in detail, each and

every one of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's

ELECTRO-HYDROBOOST Products that ABS has sold, from the date of its incorporation to the present, and, for each product identified, state whether ABS rebuilt, refurbished, reconditioned, or remanufactured the product or if the product is or was a new product manufactured by ABS or at ABS's direction.

4.      For each product identified in response to Interrogatory No. 3, state ABS's annual dollar and unit volume of sales, for each year from the date of ABS's incorporation to the present.

5.      State ABS's total annual dollar and unit volume of sales by category for each category of alleged infringing products, namely: ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS'S ELECTRO-HYDROBOOST Products, for each year from the date of ABS's incorporation to the present, and further state ABS's annual profit for each such category of products for each year from the date of ABS's incorporation to the present.

6.      Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s), most knowledgeable concerning ABS's sales of the ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

7.      Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s), most knowledgeable concerning ABS's purchases of products or component parts of products, including but not limited to brake "cores," that ABS incorporates into, or uses to rebuild, refurbish, recondition, remanufacture, or manufacture its ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

8.      Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s) most knowledgeable concerning ABS's direct and indirect marketing, advertising,

or planned marketing or advertising, including direct and indirect marketing and advertising of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

9.      Identify, pursuant to Instructions H and/or I, all persons, wholesalers, distributors, retailers, resellers, auto parts dismantlers, or other entities from whom, from the date of ABS's incorporation to the present, ABS has purchased products or component parts of products for incorporation into, or to be used to rebuild, refurbish, recondition, remanufacture, or manufacture ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products, including but not limited to brake "cores."

10.      Identify, pursuant to Instructions H and/or I, all persons, customers, individual retail customers, wholesalers, distributors, retailers, auto shops, or other business-to-business customers, to whom, from the date of ABS's incorporation to the present, ABS has sold or has a contract or order to sell, any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products and including without limitation, purchases made in person, at trade shows, by telephone, by e-mail, by facsimile, online, or by any other means.

11.      Identify the quantity of braking systems rebuilt, refurbished, reconditioned, or remanufactured by ABS, from the date of ABS's incorporation to the present, that incorporated "cores" or other components depicting or bearing the Bosch (or predecessor Bendix) mark HYDRO-BOOST and/or the Bosch (or predecessor Bendix) mark HYDRO-MAX on them.

12.      Identify all third-party uses of HYDRO-BOOST or HYDRO-MAX of which ABS is aware, and for each such third-party use, designate it as one that ABS asserts supports, tends to

-7-

support, refutes, or tends to refute ABS's assertion that Bosch's registered trademarks are merely descriptive or generic.

13.     Identify fully, pursuant to Instructions H and/or I, ABS's accountant/CPA identified in deposition only as Luis Herrera of Downey, California.

14.     Identify by case caption, court, date of filing, date of disposition (if concluded), and subject matter of action, each civil or criminal action in which ABS was a party.

15.     Identify, pursuant to Instructions H and/or I, each person who provided information or documents for, or otherwise assisted in the preparation of, the response to the above Interrogatories or the Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant A.B.S. Power Brake, Inc.


Dated:  April 5, 2011

WIENNER & GOULD, P.C.

Seth D. Gould (Bar No. P45465)
950 W. University Dr., Ste. 350
Rochester, Michigan 48307
Telephone:  248-841-9400
Fax:  248-652-2729
E-mail:  sgould@wiennergould.com

PATTISHALL, McAULIFFE, NEWBURY,
    HILLIARD & GERALDSON LLP

By:  s/Belinda J. Scrimenti
    Belinda J. Scrimenti (Bar. ID No. 6288885)
    Bradley L. Cohn
    Ian J. Block
    311 S. Wacker Drive, Suite 5000
    Chicago, Illinois 60606
    Telephone:  312-554-8000
    Fax:  312-554-8015
    E-mail:  bscrimenti@pattishall.com

Attorneys for Plaintiff Robert Bosch LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011, I served a copy of the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT A.B.S. POWER BRAKE, INC. on David C. Kadin, Esq., Law Office of David C. Kadin, 1262 Beryl Street, Suite 136, Redondo Beach, California 90277, attorney for Defendants, by first class mail, postage prepaid, with a courtesy copy by e-mail.

s/Belinda J. Scrimenti
Belinda J. Scrimenti
(Bar. ID No. 6288885)
311 S. Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone:  312-554-8000
E-mail:  bscrimenti@pattishall.com

# Exhibit 1(b)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ROBERT BOSCH LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:09-cv-14468 |
| ) | |
| v. ) | Judge Patrick J. Duggan |
| ) | |
| A.B.S. POWER BRAKE, INC., ) | |
| PEDRO GOMEZ, ) | |
| LUCIO GOMEZ, and ) | |
| GUILLERMO GOMEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| AND RELATED COUNTERCLAIM. ) | |
| ) | |

## DEFENDANT A.B.S. POWER BRAKE, INC.'S RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES (1-15)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant A.B.S. Power Brake, Inc. ("Responding Party") hereby objects to each and every Special Interrogatory by Plaintiff and Counterdefendant Robert Bosch LLC ("Propounding Party"), as follows:

## PRELIMINARY STATEMENT

Responding Party has not fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not prepared for trial. These responses are made solely for the purpose of this specific action only. Each response is subject to all appropriate objections, including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in

court. All such objections and grounds are reserved and may be interposed at the time of trial.

All of the responses contained herein are based upon such information and documents that are presently available to and specifically known to Responding Party. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish new factual conclusions and legal contentions, all of which will lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to Responding Party's right to amend, modify and supplement the responses herein based upon subsequently discovered facts, which Responding Party may later recall or learn. Responding Party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analysis are made, legal research is completed and contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, or analysis. While Responding Party may volunteer to supplement certain responses, Responding Party assumes no obligation to supplement or amend these responses to reflect witnesses, facts and evidence following the filing of these responses. In addition, because some of these responses may have been ascertained by Responding Party's agents, attorneys and investigators, Responding Party may not have personal knowledge of this information from which these responses are derived.

Plaintiff also interposes the following general objections. To the extent any interrogatory may seek information which is protected by or subject to the attorney/client privilege, or the attorney work product doctrine, or which may contain trade secrets, proprietary or sensitive information, the disclosure of which would result in substantial injury to Responding Party, all such objections are expressly reserved and are not waived.

Responding Party has not completed the investigation of the facts relating to this action, has not completed discovery in this action, and has not yet completed preparation for trial.  Therefore, the following responses and/or objections are given without prejudice to the right to produce, at the time of trial or other hearing, subsequently discovered evidence relating to the proof of presently-known material facts, and to produce all evidence whenever discovered, relating to the proof of subsequently discovered material facts.  Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied or should be inferred.

## GENERAL OBJECTIONS

Responding Party makes the following General Objections to Propounding Party's First Set of Interrogatories (Nos. 1-15):

1.     Responding Party objects to the interrogatories to the extent they would require Responding Party to disclose confidential communications which are protected by the attorney-client privilege.  Responding Party will identify documents reflecting such confidential communications on a confidential privilege list, insofar as such documents exist and were prepared before filing of the lawsuit, and insofar as such a listing can be accomplished without revealing the confidential communications.

2.     Responding Party objects to the interrogatories to the extent they would require Responding Party to disclose information that comprises work product, including (a) material prepared in anticipation of litigation or in the course of litigation by Responding Party or its representatives, or (b) mental impressions, conclusions, opinions, or legal theories of its attorneys or other representatives.  Responding Party will identify work product documents on a work product list insofar as such documents exist and were prepared before filing of the lawsuit, and insofar as such a listing can be accomplished without revealing the protected information.

3.     Responding Party objects to the interrogatories to the extent they would require Responding Party to disclose confidential information regarding business matters, technical matters and other information regarding Responding Party products.  Responding Party reserves the right to withhold material containing such information

unless a suitable protective order is in place and to designate such materials in an appropriate manner in accordance with any such protective order.  Responding Party also reserves the right to seek additional protection from the Court for its confidential information.  Responding Party objects to the disclosure of such confidential information regarding new products under development or design or not commercially introduced as not reasonably calculated to lead to the discovery of admissible evidence.

4.     Responding Party objects to the interrogatories which ask for "all," "any," or "any and all" of some item or items of information.  The grounds for this objection are that each such interrogatory is overly broad, unduly burdensome and oppressive, to the extent it would impose upon Responding Party a duty to search for items which would be unreasonable under the circumstances.  Responding Party acknowledges only a duty to search for information that is reasonable under the circumstances as provided by the Federal Rules of Civil Procedure and applicable case law.

5.     Responding Party objects to the interrogatories on the grounds that they are overly broad, unduly burdensome, and oppressive, to the extent they would impose upon Responding Party a duty to produce information that is not in the possession, custody or control of Responding Party.   Responding Party also objects to the interrogatories to the extent they would require Responding Party to obtain information from any former employee, consultant, agent, representative, officer, director, or attorney of Responding Party.  Responding Party will provide information only within its possession, custody, or control.

6.     Responding Party objects to the interrogatories to the extent they would require identification of documents or things that can be made available for inspection by Responding Party, on the ground that they are unduly burdensome.  Subject to any protective order entered in this action, and in lieu of such identification, Responding Party reserves the right pursuant to Rule 33(d) of the Federal Rules of Civil Procedure to elect to make any non-privileged, non-work product and relevant documents and things available for inspection and copying by Propounding Party's counsel of record at an appropriate time and place.

7.     Responding Party reserves the right to redact, mask, or otherwise delete material from any documents or things that it produces or that Propounding Party

selects for production to the extent that such material: (a) is not responsive to any of Propounding Party's interrogatories; (b) is not relevant to the subject matter of this action; (c) is not reasonably calculated to lead to the discovery of admissible evidence; or (d) is protected either by the attorney-client privilege or the work product immunity. Responding Party will identify any masked or deleted material, to the extent this can be accomplished without revealing the masked or deleted material.

8.      Responding Party objects to the interrogatories as premature to the extent that discovery is ongoing and reserves the right to supplement its responses.

9.      Responding Party objects to the Definitions and Instructions set forth in Propounding Party's First Set of Interrogatories (Nos. 1-15) on the grounds that the same are burdensome, oppressive, unintelligible and unreasonable under the circumstances. Responding Party acknowledges only a duty to respond to reasonable discovery requests in accordance with the Federal Rules of Civil Procedure and with applicable law.

10.      Responding Party objects to the interrogatories to the extent any response, objection or agreement to produce documents or things pursuant to such interrogatories may be construed as an admission that any documents or things exist which may be responsive to such interrogatories.

11.      Responding Party objects to each and every interrogatory to the extent it seeks information protected by Responding Party's right to privacy under the California and/or United States Constitutions and/or California and federal statutes and/or case law. Such information will not be provided.

## RESPONSES TO SPECIAL INTERROGATORIES

Interrogatory No. 1.

Identify, pursuant to Instructions H and/or I, in addition to the Gomez Defendants, all current and former employees of ABS from the date of ABS's incorporation to the present, including but not limited to all employees identified by name in depositions, and including but not limited to the "machinist" who "moved to Mexico," as referenced in Pedro Gomez's deposition (P. Gomez Dep. p. 121).

Response to Interrogatory No.1

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets;  Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above.  Without waiving the foregoing objections, Responding Party responds as follows:  Machinist's name is Raymundo Saavedra Arreola.  Pursuant to Fed. R. Civ. Proc. 33(d), the remaining answer(s) to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 2.

State ABS's annual dollar and unit volume of sales of all products collectively, for each year from the date of ABS's incorporation to the present.

Response to Interrogatory No.2

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every

6

General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties. Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 3.

Identify by name, part number and/or kit number, and describe in detail, each and every one of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST products that ABS has sold, from the date of its incorporation to the present, and, for each product identified, state whether ABS rebuilt, refurbished, reconditioned, or remanufactured the product or if the product is or was a new product manufactured by ABS or at ABS's direction.

Response to Interrogatory No.3

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or

summarizing Responding Party's business records and the burden of deriving or
ascertaining the answer is substantially the same for both parties.  Accordingly,
Responding Party will provide the Propounding Party with a reasonable opportunity to
examine and audit the records and to make copies, compilations, abstracts, or
summaries of those responsive, non-privileged business records at a mutually
convenient time and place. Further, because discovery is incomplete and continuing,
Responding Party specifically reserves the right to amend this Response should
circumstances so warrant.

<u>Interrogatory No. 4.</u>
For each product identified in response to Interrogatory No. 3, state ABS's annual dollar
and unit volume of sales, for each year from the date of ABS's incorporation to the
present.

<u>Response to Interrogatory No.4</u>

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to
the discovery of admissible evidence; Overly broad and unduly burdensome; May seek
the production of documents protected by the attorney-client privilege;  May seek the
production of documents protected as attorney work product;  Calls for expert opinion
testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business
information and/or trade secrets; Improperly compound; and Assumes facts not in
evidence.  In addition, Responding Party incorporates by reference each and every
General Objection stated above. Without waiving the foregoing objections, Responding
Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this
interrogatory may be determined by examining, auditing, compiling, abstracting, or
summarizing Responding Party's business records and the burden of deriving or
ascertaining the answer is substantially the same for both parties.  Accordingly,
Responding Party will provide the Propounding Party with a reasonable opportunity to
examine and audit the records and to make copies, compilations, abstracts, or
summaries of those responsive, non-privileged business records at a mutually
convenient time and place. Further, because discovery is incomplete and continuing,

8

Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 5.

State ABS's total annual dollar and unit volume of sales by category for each category of alleged infringing products, namely: ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, for each year from the date of ABS's incorporation to the present, and further state ABS's annual profit for each such category of products for each year from the date of ABS's incorporation to the present.

Response to Interrogatory No.5

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

9

Interrogatory No. 6.

Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s), most knowledgeable concerning ABS's sales of the ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

Response to Interrogatory No.6

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pedro Gomez.  Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 7.

Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s), most knowledgeable concerning ABS's purchases of products or component parts of products, including but not limited to brake "cores," that ABS incorporates into, or uses to rebuild, refurbish, recondition, remanufacture, or manufacture its ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

Response to Interrogatory No.7

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the

production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Lucio Gomez.  Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 8.

Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s) most knowledgeable concerning ABS's direct and indirect marketing, advertising or planned marketing or advertising, including direct and indirect marketing and advertising of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

Response to Interrogatory No.8

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Lucio Gomez.  Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 9.

Identify, pursuant to Instructions H and/or I, all persons, wholesalers, distributors, retailers, resellers, auto parts dismantlers, or other entities from whom, from the date of

ABS's incorporation to the present, ABS has purchased products or component parts of products for incorporation into, or to be used to rebuild, refurbish, recondition, remanufacture, or manufacture ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products, including but not limited to brake "cores."

Response to Interrogatory No.9

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 10.

Identify, pursuant to Instructions H and/or I, all persons, customers, individual retail customers, wholesalers, distributors, retailers, auto shops, or other business-to-business customers, to whom, from the date of ABS's incorporation to the present, ABS has sold or has a contract or order to sell, any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products and

including without limitation, purchases made in person, at trade shows, by telephone, by e-mail, by facsimile, online, or by any other means.

Response to Interrogatory No.10

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 11.

Identify the quantity of braking systems rebuilt, refurbished, reconditioned, or remanufactured by ABS, from the date of ABS's incorporation to the present, that incorporated "cores" or other components depicting or bearing the Bosch (or predecessor Bendix) mark HYDRO-BOOST and/or the Bosch (or predecessor Bendix) mark HYDRO-MAX on them.

Response to Interrogatory No.11

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 12.
Identify all third-party uses of HYDRO-BOOST or HYDRO-MAX of which ABS is aware, and for each such third-party use, designate it as one that ABS asserts supports, tends to support, refutes, or tends to refute ABS's assertion that Bosch's registered trademarks are merely descriptive or generic.

Response to Interrogatory No.12

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion

14

testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 13.
Identify fully, pursuant to Instructions H and/or I, ABS's accountant/CPA identified in deposition only as Luis Herrera of Downey, California.

Response to Interrogatory No.13

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Luis M. Herrera, 8221 3rd Street, Suite 202, Downey, California 90241, Phone (562) 904-1006, Fax (562) 904-1008.

Interrogatory No. 14.

Identify by case caption, court, date of filing, date of disposition (if concluded), and subject matter of action, each civil or criminal action in which ABS was a party.

Response to Interrogatory No.14

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 15.

Identify, pursuant to Instructions H and/or I, each person who provided information or documents for, or otherwise assisted in the preparation of, the response to the above Interrogatories or the Responses to Plaintiffs First Set of Requests for Production of Documents to Defendant A.B.S. Power Brake, Inc.

Response to Interrogatory No.15

Interrogatory No. 14.

Identify by case caption, court, date of filing, date of disposition (if concluded), and subject matter of action, each civil or criminal action in which ABS was a party.

Response to Interrogatory No.14

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's business records and the burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 15.

Identify, pursuant to Instructions H and/or I, each person who provided information or documents for, or otherwise assisted in the preparation of, the response to the above Interrogatories or the Responses to Plaintiffs First Set of Requests for Production of Documents to Defendant A.B.S. Power Brake, Inc.

Response to Interrogatory No.15

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pedro Gomez, Guillermo Gomez, and Lucio Gomez were primarily responsible for the preparation of these responses.

AS TO THE OBJECTIONS:

_____                _____
Date                                                              David Kadin, Esq.
                                                                       Law Office of David Kadin
                                                                       Attorney for Defendants and
                                                                       Counterclaimant

## VERIFICATION

I, Pedro Gomez, hereby declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Responses to Plaintiff's First Set of Interrogatories to A.B.S. Power Brake, Inc. (Nos. 1-15) and that based upon my personal knowledge or information provided to me, the answers therein are true and correct to the best of my knowledge and belief.

Executed this 9th day of May, 2011, in Orange, California.

Pedro Gomez

19

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Responses to Plaintiff's First Set of Interrogatories to A.B.S. Power Brake, Inc. (Nos. 1-15) has been served this 9th day of May, 2011 by United States Postal Service, First Class Mail, postage pre-paid to:

> Belinda Scrimenti, Esq.
> PATTISHALL McAULIFFE NEWBURY
> HILLIARD & GERALDSON LLP
> 311 South Wacker Drive, Suite 5000
> Chicago IL 60606
>
> David Kadin, Esq.
> Law Office of David Kadin
> Attorney for Defendants and
> Counterclaimant

Exhibit 1(c)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-14468 |
| | ) | |
| v. | ) | Judge Patrick J. Duggan |
| | ) | |
| A.B.S. POWER BRAKE, INC., | ) | |
| PEDRO GOMEZ, | ) | |
| LUCIO GOMEZ, and | ) | |
| GUILLERMO GOMEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| AND RELATED COUNTERCLAIM. | ) | |
| | ) | |

## DEFENDANT A.B.S. POWER BRAKE, INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (1-15)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant A.B.S. Power Brake, Inc. ("Responding Party") hereby objects to each and every Special Interrogatory by Plaintiff and Counterdefendant Robert Bosch LLC ("Propounding Party"), as follows:

### PRELIMINARY STATEMENT

Responding Party has not fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not prepared for trial. These responses are made solely for the purpose of this specific action only. Each response is subject to all appropriate objections, including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in

1

court. All such objections and grounds are reserved and may be interposed at the time of trial.

All of the responses contained herein are based upon such information and documents that are presently available to and specifically known to Responding Party. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to the known facts, as well as establish new factual conclusions and legal contentions, all of which will lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following responses are given without prejudice to Responding Party's right to amend, modify and supplement the responses herein based upon subsequently discovered facts, which Responding Party may later recall or learn. Responding Party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analysis are made, legal research is completed and contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of Responding Party in relation to further discovery, research, or analysis. While Responding Party may volunteer to supplement certain responses, Responding Party assumes no obligation to supplement or amend these responses to reflect witnesses, facts and evidence following the filing of these responses. In addition, because some of these responses may have been ascertained by Responding Party's agents, attorneys and investigators, Responding Party may not have personal knowledge of this information from which these responses are derived.

Plaintiff also interposes the following general objections. To the extent any interrogatory may seek information which is protected by or subject to the attorney/client privilege, or the attorney work product doctrine, or which may contain trade secrets, proprietary or sensitive information, the disclosure of which would result in substantial injury to Responding Party, all such objections are expressly reserved and are not waived.

2

Responding Party has not completed the investigation of the facts relating to this action, has not completed discovery in this action, and has not yet completed preparation for trial. Therefore, the following responses and/or objections are given without prejudice to the right to produce, at the time of trial or other hearing, subsequently discovered evidence relating to the proof of presently-known material facts, and to produce all evidence whenever discovered, relating to the proof of subsequently discovered material facts. Except for explicit facts submitted herein, no admissions of any nature whatsoever are implied or should be inferred.

## GENERAL OBJECTIONS

Responding Party makes the following General Objections to Propounding Party's First Set of Interrogatories (Nos. 1-15):

1.     Responding Party objects to the interrogatories to the extent they would require Responding Party to disclose confidential communications which are protected by the attorney-client privilege. Responding Party will identify documents reflecting such confidential communications on a confidential privilege list, insofar as such documents exist and were prepared before filing of the lawsuit, and insofar as such a listing can be accomplished without revealing the confidential communications.

2.     Responding Party objects to the interrogatories to the extent they would require Responding Party to disclose information that comprises work product, including (a) material prepared in anticipation of litigation or in the course of litigation by Responding Party or its representatives, or (b) mental impressions, conclusions, opinions, or legal theories of its attorneys or other representatives. Responding Party will identify work product documents on a work product list insofar as such documents exist and were prepared before filing of the lawsuit, and insofar as such a listing can be accomplished without revealing the protected information.

3.     Responding Party objects to the interrogatories to the extent they would require Responding Party to disclose confidential information regarding business matters, technical matters and other information regarding Responding Party products. Responding Party reserves the right to withhold material containing such information

3

unless a suitable protective order is in place and to designate such materials in an appropriate manner in accordance with any such protective order. Responding Party also reserves the right to seek additional protection from the Court for its confidential information. Responding Party objects to the disclosure of such confidential information regarding new products under development or design or not commercially introduced as not reasonably calculated to lead to the discovery of admissible evidence.

4.     Responding Party objects to the interrogatories which ask for "all," "any," or "any and all" of some item or items of information. The grounds for this objection are that each such interrogatory is overly broad, unduly burdensome and oppressive, to the extent it would impose upon Responding Party a duty to search for items which would be unreasonable under the circumstances. Responding Party acknowledges only a duty to search for information that is reasonable under the circumstances as provided by the Federal Rules of Civil Procedure and applicable case law.

5.     Responding Party objects to the interrogatories on the grounds that they are overly broad, unduly burdensome, and oppressive, to the extent they would impose upon Responding Party a duty to produce information that is not in the possession, custody or control of Responding Party. Responding Party also objects to the interrogatories to the extent they would require Responding Party to obtain information from any former employee, consultant, agent, representative, officer, director, or attorney of Responding Party. Responding Party will provide information only within its possession, custody, or control.

6.     Responding Party objects to the interrogatories to the extent they would require identification of documents or things that can be made available for inspection by Responding Party, on the ground that they are unduly burdensome. Subject to any protective order entered in this action, and in lieu of such identification, Responding Party reserves the right pursuant to Rule 33(d) of the Federal Rules of Civil Procedure to elect to make any non-privileged, non-work product and relevant documents and things available for inspection and copying by Propounding Party's counsel of record at an appropriate time and place.

7.     Responding Party reserves the right to redact, mask, or otherwise delete material from any documents or things that it produces or that Propounding Party

4

selects for production to the extent that such material: (a) is not responsive to any of Propounding Party's interrogatories;  (b) is not relevant to the subject matter of this action; (c) is not reasonably calculated to lead to the discovery of admissible evidence; or (d) is protected either by the attorney-client privilege or the work product immunity. Responding Party will identify any masked or deleted material, to the extent this can be accomplished without revealing the masked or deleted material.

8.      Responding Party objects to the interrogatories as premature to the extent that discovery is ongoing and reserves the right to supplement its responses.

9.      Responding Party objects to the Definitions and Instructions set forth in Propounding Party's First Set of Interrogatories (Nos. 1-15) on the grounds that the same are burdensome, oppressive, unintelligible and unreasonable under the circumstances.  Responding Party acknowledges only a duty to respond to reasonable discovery requests in accordance with the Federal Rules of Civil Procedure and with applicable law.

10.      Responding Party objects to the interrogatories to the extent any response, objection or agreement to produce documents or things pursuant to such interrogatories may be construed as an admission that any documents or things exist which may be responsive to such interrogatories.

11.      Responding Party objects to each and every interrogatory to the extent it seeks information protected by Responding Party's right to privacy under the California and/or United States Constitutions and/or California and federal statutes and/or case law.  Such information will not be provided.

## SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES

Interrogatory No. 1.

Identify, pursuant to Instructions H and/or I, in addition to the Gomez Defendants, all current and former employees of ABS from the date of ABS's incorporation to the present, including but not limited to all employees identified by name in depositions, and including but not limited to the "machinist" who "moved to Mexico," as referenced in Pedro Gomez's deposition (P. Gomez Dep. p. 121).

Response to Interrogatory No.1

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Responding Party's present employees are as follows:

- Campos, Luis Francisco - Rebuilder
- Campos, Miguel Angel - Rebuilder
- Gomez, Eduardo - Assembler/Sales
- Gomez, Giselle - Office
- Gomez, Homero - Rebuilder
- Gomez, Pedro M - Shipping
- Gomez, Trinidad - Parts Assistant
- Hernandez, Ricardo - Mechanic
- Howard, Jacklyn - Office
- Landsem, Doug - Sales
- Lara, Uziel - Shipping Manager
- Lopez, Julio - Rebuilder
- Magdaleno, Jorge - Mechanic
- Morgutia, Jean - Assembler
- Ramirez, Horacio - Rebuilder
- Rodriguez, Edward - Sales
- Rodriguez, Erasmo - Welder
- Arreola, Raymundo Saavedra – Machinist who moved to Mexico.

Pursuant to Fed. R. Civ. Proc. 33(d), the remaining answer(s) to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing

6

Responding Party's business payroll records. The burden of deriving or ascertaining the answer is substantially the same for both parties. Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 2.
State ABS's annual dollar and unit volume of sales of all products collectively, for each year from the date of ABS's incorporation to the present.

Response to Interrogatory No.2

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's financial records. The burden of deriving or ascertaining the answer is substantially the same for both parties. Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 3.

Identify by name, part number and/or kit number, and describe in detail, each and every one of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST products that ABS has sold, from the date of its incorporation to the present, and, for each product identified, state whether ABS rebuilt, refurbished, reconditioned, or remanufactured the product or if the product is or was a new product manufactured by ABS or at ABS's direction.

Response to Interrogatory No.3

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege;  May seek the production of documents protected as attorney work product;  Calls for expert opinion testimony;  Calls for a legal conclusion;  Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's financial records.  The burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 4.

For each product identified in response to Interrogatory No. 3, state ABS's annual dollar and unit volume of sales, for each year from the date of ABS's incorporation to the present.

Response to Interrogatory No.4

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek information protected by the attorney-client privilege and/or attorney work product doctrine; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's financial records.  The burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 5.

State ABS's total annual dollar and unit volume of sales by category for each category of alleged infringing products, namely: ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, for each year from the date of ABS's incorporation to the present, and further state ABS's annual profit for each such category of products for each year from the date of ABS's incorporation to the present.

Response to Interrogatory No.5

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek information protected by the attorney-client privilege and/or attorney work product

9

doctrine; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's financial records.  The burden of deriving or ascertaining the answer is substantially the same for both parties.  Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 6.
Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s), most knowledgeable concerning ABS's sales of the ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

Response to Interrogatory No.6
Objection.  The question posed is vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the question posed assumes facts not in evidence and may seek information protected by the attorney-client privilege and/or attorney work product.  Finally, the question posed calls for a legal conclusion and possibly expert opinion testimony.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pedro Gomez is the person most knowledgeable concerning the information identified.  Other persons with knowledge, but not necessarily the most knowledgeable, may include employees of Defendant A.B.S. Power Brake, Inc. whose primary responsibilities

involve sales, including, Douglas Landsem and Edward Rodriguez.  Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 7.

Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s), most knowledgeable concerning ABS's purchases of products or component parts of products, including but not limited to brake "cores," that ABS incorporates into, or uses to rebuild, refurbish, recondition, remanufacture, or manufacture its ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

Response to Interrogatory No.7

Objection.  The question posed is vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the question posed assumes facts not in evidence and may seek information protected by the attorney-client privilege and/or attorney work product.  Finally, the question posed calls for a legal conclusion and possibly expert opinion testimony.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Lucio Gomez is the person most knowledgeable concerning the information identified.  There are no other employees of Defendant A.B.S. Power Brake, Inc. whose primary responsibilities involve the purchase of products or component parts of product sales. Because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 8.

Identify, pursuant to Instructions H and/or I, other than the Gomez Defendants, the person(s) most knowledgeable concerning ABS's direct and indirect marketing, advertising or planned marketing or advertising, including direct and indirect marketing and advertising of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

11

Response to Interrogatory No.8

Objection.  The question posed is vague, ambiguous, unintelligible, and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, the question posed assumes facts not in evidence and may seek information protected by the attorney-client privilege and/or attorney work product.  Finally, the question posed calls for a legal conclusion and possibly expert opinion testimony.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Lucio Gomez is the person most knowledgeable concerning the information identified.  There are no other employees of Defendant A.B.S. Power Brake, Inc. whose primary responsibilities involve direct and indirect marketing, advertising or planned marketing or advertising.  Because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 9.

Identify, pursuant to Instructions H and/or I, all persons, wholesalers, distributors, retailers, resellers, auto parts dismantlers, or other entities from whom, from the date of ABS's incorporation to the present, ABS has purchased products or component parts of products for incorporation into, or to be used to rebuild, refurbish, recondition, remanufacture, or manufacture ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products, including but not limited to brake "cores."

Response to Interrogatory No.9

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek information protected by the attorney-client privilege and/or attorney work product doctrine; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party

incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's financial records. The burden of deriving or ascertaining the answer is substantially the same for both parties. Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 10.

Identify, pursuant to Instructions H and/or I, all persons, customers, individual retail customers, wholesalers, distributors, retailers, auto shops, or other business-to-business customers, to whom, from the date of ABS's incorporation to the present, ABS has sold or has a contract or order to sell, any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products and including without limitation, purchases made in person, at trade shows, by telephone, by e-mail, by facsimile, online, or by any other means.

Response to Interrogatory No.10

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek information protected by the attorney-client privilege and/or attorney work product doctrine; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's

financial records. The burden of deriving or ascertaining the answer is substantially the same for both parties. Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 11.

Identify the quantity of braking systems rebuilt, refurbished, reconditioned, or remanufactured by ABS, from the date of ABS's incorporation to the present, that incorporated "cores" or other components depicting or bearing the Bosch (or predecessor Bendix) mark HYDRO-BOOST and/or the Bosch (or predecessor Bendix) mark HYDRO-MAX on them.

Response to Interrogatory No.11

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek information protected by the attorney-client privilege and/or attorney work product doctrine; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Fed. R. Civ. Proc. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Responding Party's financial records. The burden of deriving or ascertaining the answer is substantially the same for both parties. Accordingly, Responding Party will provide the Propounding Party with a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged business records at a mutually convenient time and place. Further, because discovery

is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

Interrogatory No. 14.

Identify by case caption, court, date of filing, date of disposition (if concluded), and subject matter of action, each civil or criminal action in which ABS was a party.

Response to Interrogatory No.14

Objection. The question posed is vague, ambiguous, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence. The question posed is also overly broad, unduly burdensome and may seek information protected by the attorney-client privilege and/or attorney work product doctrine. Finally, the question calls for a legal conclusion and may seek disclosure of confidential information. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: (1) Power Brake Service and Robert Sweeting v. ABS Power Brake, Inc., et al.; California Superior Court, County of Los Angeles; Case No. BC172495; Filed June 9, 1997; Disposed March 30, 1999; Civil, (2) Waisbren v. ABS Power Brake, Inc., et al.; California Superior Court, County of Orange; Case No. 810034; Filed June 1, 1999; Civil, (3) Amalia Quintana v. ABS Power Brake, Inc., et al.; California Superior Court, County of Orange; Case No. 06CL08342; Filed Dec. 28, 2006; Civil, and (4) Aaron Campos V. ABS Power Brake, Inc.; California Superior Court, County of Orange; Case No. 07CC04952; Filed April 16, 2007; Civil. Because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

AS TO THE OBJECTIONS:

_7 / 18 / 11_
Date

Brian P. Kinder, Esq.
The Kinder Law Group, APC
Attorney for Defendants and
Counterclaimant

15

## VERIFICATION

I, Lucio Gomez, hereby declare under penalty of perjury under the laws of the United States of America that I have read the foregoing DEFENDANT A.B.S. POWER BRAKE, INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (1-15) and that based upon my personal knowledge or information provided to me, the answers therein are true and correct to the best of my knowledge and belief.

Executed on July ____, 2011, in Orange, California.

_____
Lucio Gomez

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of DEFENDANT A.B.S. POWER BRAKE, INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (1-15) has been served on the date written below by United States Postal Service, First Class Mail, postage pre-paid to:

> Belinda Scrimenti, Esq.
> PATTISHALL McAULIFFE NEWBURY
> HILLIARD & GERALDSON LLP
> 311 South Wacker Drive, Suite 5000
> Chicago IL 60606

7/18/11
Dated

Brian P. Kinder, Esq.
The Kinder Law Group, APC
Attorney for Defendants and
Counterclaimant

17

Exhibit 2(a)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT BOSCH LLC,          )
                                      )
         Plaintiff,       )
                                      )
        -v-           )     Civil Action No. 2:09-cv-14468
                                      )
A.B.S. POWER BRAKE, INC.,   )     Judge Patrick J. Duggan
PEDRO GOMEZ,           )
LUCIO GOMEZ, and        )
GUILLERMO GOMEZ,       )
                                      )
        Defendants.   )
_____)

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT A.B.S. POWER BRAKE, INC.

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that defendant A.B.S. Power Brake, Inc. produce or make available for inspection at WIENNER & GOULD, P.C., 950 W. University Dr., Ste. 350, Rochester, Michigan 48307, or at such other mutually agreed location, the documents and things described herein within thirty (30) days, subject to the following definitions and instructions:

## DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the term "Bosch" or "Robert Bosch" means Plaintiff Robert Bosch LLC, its predecessors in interest, related organizations, and the officers, directors, employees, agents and representatives thereof.

B.      As used herein, the term "ABS" means A.B.S. Power Brake, Inc., its predecessors in interest, its subsidiary and related organizations, and the officers, directors, employees, agents

and representatives thereof, including without limitation, Pedro Gomez, Lucio Gomez, and Guillermo Gomez.

C.    As used herein, the term "Bendix" means Bendix Commercial Vehicle Systems LLC, Bosch's predecessor-in-interest to the trademarks HYDRO-BOOST and HYDRO-MAX, as well as the products bearing these marks.

D.    If a privilege is relied upon in declining to provide any information or document in response to a document request or a part thereof, identify the nature of the privilege and provide the following:

    1.    the type of document;

    2.    the general subject matter of the document;

    3.    the date of the document; and

    4.    such other information as is sufficient to identify each document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

E.    As used herein, the term "documents" includes but is not limited to all writings, correspondence, books, memoranda, invoices, contracts, purchase orders, receipts, pamphlets, publications, studies, catalogs, periodicals, labels, packaging, displays, photographs, slides, videotapes, films, artwork, drawings, sketches, illustrative materials, circulars, price lists, advertisements, layouts, tear sheets, electronically stored information, magnetic recording tapes, microfilm, computer disks, computer hard drive, electronic mail, web site pages, computer records or data and other storage means by which information is retained in retrievable form, and

all other materials whether printed, typewritten, handwritten, recorded, or reproduced by any process.

F.    As used herein, the term "person" includes any corporation, division, agency or other entity, as well as an individual.

G.    Whenever a document request seeks documents to "identify" a person and that person is an individual, the document(s) produced should provide the following information:

    1.    the person's full name;

    2.    the person's employer;

    3.    the person's position or title; and

    4.    the person's last known address and telephone number.

H.    Whenever a document request seeks documents to "identify" a person or entity and the person or entity is a corporation, division, agency, or other entity, the documents produced should provide the following information:

    1.    the person or entity's full name; and

    2.    the person or entity's last known address and main telephone number.

I.    As used herein, the word "and," as well as the word "or," shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the document request all responsive documents that might otherwise be construed to be outside its scope.

J.    As used herein, the singular shall always include the plural and the present tense shall always include the past tense, and vice versa.

K.       As used herein, the terms "HYDRO-BOOST" and "HYDRO-MAX" refer to Bosch's HYDRO-BOOST and HYDRO-MAX trademarks, respectively, which are identified and described in Paragraphs 9-13 of the Complaint in this matter.

L.       As used herein, the terms "HYDRO-BOOST" and "HYDRO-MAX" shall be construed to include alternate spellings of those terms, with or without hyphens and capitalization, as one or two words, and the phonetic equivalents of those terms.

M.       As used herein, "ABS's HYDRO-BOOST Products" refers to any and all new, rebuilt, reconditioned, refurbished, or remanufactured products sold by ABS in connection with a term or mark consisting in whole or in part of HYDRO-BOOST, or the phonetic equivalents thereof.  ABS's HYDRO-BOOST Products include any and all products for which the mark HYDRO-BOOST or any phonetic equivalent thereof appears in any advertising for, invoices relating to, product packaging for, affixed to, and/or engraved on such products.

N.       As used herein, "ABS's HYDRO-MAX Products" refers to any and all new, rebuilt, reconditioned, refurbished, or remanufactured products sold by ABS in connection with a term or mark consisting in whole or in part of HYDRO-MAX, or the phonetic equivalents thereof.  ABS's HYDRO-MAX Products include any and all products for which the mark HYDRO-MAX or any phonetic equivalent thereof appears in any advertising for, invoices relating to, product packaging for, affixed to, and/or engraved on such products.

O.       As used herein, "ABS's ELECTRO-HYDROBOOST Products" refers to any and all new, rebuilt, reconditioned, refurbished, or remanufactured products sold by ABS in connection with a term or mark consisting in whole or in part of ELECTRO-HYDROBOOST, or the phonetic equivalents thereof.  ABS's ELECTRO-HYDROBOOST Products include any and all products for which the mark ELECTRO-HYDROBOOST or any phonetic equivalent thereof

appears in any advertising for, invoices relating to, product packaging for, affixed to, and/or engraved on such products.

P.    All document requests should be interpreted to call for documents relating to any and all of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products identified by such mark(s) in a catalogue, the website, or other advertising material, but not identified by such trademark on invoices, and instead described by other terms, as exemplified by (but not inclusive of) invoices identified by Pedro Gomez in his September 23, 2010, deposition, Exhibit 7, numerous document identification numbers (P. Gomez Deposition pp. 137-45).

Q.    If any of the documents requested below were formerly but no longer are in ABS's custody or control, state the present location and custodian of each such document.

## REQUESTS

**Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i), ABS "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request," including all electronically stored information.**

1.    All invoices for every product or brake core bearing the mark HYDRO-BOOST that ABS has rebuilt, refurbished, reconditioned, or remanufactured and sold, from the date of ABS's incorporation through the present.

2.    All invoices for every product or brake core bearing the mark HYDRO-MAX that ABS has rebuilt, refurbished, reconditioned, or remanufactured and sold, from the date of ABS's incorporation through the present.

3.    All invoices for every one of ABS's sales of ABS's ELECTRO-HYDROBOOST Products, from the date of ABS's incorporation through the present.

4.     All invoices for every one of ABS's sales of new products sold in connection with any of the marks HYDRO-BOOST and/or HYDRO-MAX, from the date of ABS's incorporation through the present.

5.     All invoices regarding any products ABS advertised in any catalog in connection with any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST.

6.     All documents identified in ABS's responses to Bosch's First Set of Interrogatories to Defendant A.B.S. Power Brake, Inc.

7.     All documents that relate or refer to ABS's selection, adoption, and/or decision to use each of the marks HYDRO-BOOST, HYDRO-MAX, and ELECTRO-HYDROBOOST.

8.     Documents that clearly depict images of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including documents sufficient to identify every style and kit variations ABS offers or has offered for each product identified.

9.     Documents sufficient to reveal the date of ABS's first sale of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products identified in response to Request No. 8.

10.     Specimens of or documents that show each label, sign, trade show display, catalog, website, trade dress, wrapper, packaging, promotion, advertisement, point-of-sale material, and any other marketing material ABS has used, uses, planned to use, or plans to use in connection with each of the marks HYDRO-BOOST, HYDRO-MAX, and ELECTRO-HYDROBOOST.

11.    All documents that constitute, or which relate or refer to, all communications made or received by ABS that relate or refer to any of ABS's HYDRO-MAX Products, ABS's HYDRO-BOOST Products, and/or ABS's ELECTRO-HYDROBOOST Products, including, without limitation, communications made in person, at trade shows, by telephone, by facsimile, by e-mail, online, through the ABS website guestbook, or by any other hard copy or electronic means, excluding invoices.

12.    A color copy of each distinct printed product catalog ABS has printed and/or distributed, from the date of ABS's incorporation through the present.

13.    Documents that reflect in color each variation of ABS's online product catalog, from the date on which ABS first posted an online catalog to the present.

14.    Documents that reflect all pages of each variation of any website ABS has owned and/or operated, including but not limited to the website located at www.abspowerbrake.com, from the creation of each such website through the present.

15.    Documents that reflect all of ABS's past, current, and any future plans that relate or refer to use of any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST.

16.    Documents sufficient to identify every entity from which ABS has purchased or received by exchange any product, or component parts of each product, including brake cores, that ABS has incorporated into, or used to rebuild, refurbish, recondition, or remanufacture, ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products.

17.    All documents reflecting ABS's purchase of new ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any new component parts or brake cores for such products.

18.    Documents sufficient to identify ABS's annual dollar amounts of purchases of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any component parts or brake cores for such products, and for each, indicating whether purchases are for new or for refurbished or remanufactured products.

19.    Documents sufficient to identify ABS's annual unit volumes of purchases of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any component parts or brake cores for such products, and for each, indicating whether purchases are for new or for refurbished or remanufactured products, for each year from the date of ABS's incorporation through the present.

20.    Documents sufficient to identify ABS's annual dollar amounts of sales of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any component parts or brake cores for such products, and for each, indicating whether sales are for new or for refurbished or remanufactured products, for each year from the date of ABS's incorporation through the present.

21.    Documents sufficient to identify ABS's annual unit volumes of sales of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any component parts or brake cores for such products, and for each, indicating whether sales are for new or for refurbished or remanufactured products, for each year from the date of ABS's incorporation through the present.

-8-

22.     All tax returns ABS filed with the United States Internal Revenue Service and California State taxing authorities, for each year from the date of ABS's incorporation through the present.

23.     All ABS corporate financial statements, including audited and unaudited statements, for each year from the date of ABS's incorporation through the present.

24.     Documents sufficient to show the quantity of braking systems rebuilt, refurbished, reconditioned, or remanufactured by ABS since the date of its incorporation that incorporated brake cores or other components depicting or bearing Bosch's mark HYDRO-BOOST and/or Bosch's mark HYDRO-MAX.

25.     Documents sufficient to identify ABS's annual gross profits from sales respectively of each of ABS's HYDRO-BOOST Products, each of ABS's HYDRO-MAX Products, and each of ABS's ELECTRO-HYDROBOOST Products.

26.     Documents sufficient to identify all elements of cost or deduction ABS claims relate to ABS's sales respectively of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products.

27.     All invoices for every product or service ABS has sold, from the date of its incorporation through the present.

28.     Documents sufficient to reveal each channel of trade (*i.e.*, wholesale, retail, fleet operator, car enthusiast, online, in-person, etc.) through which ABS has and/or currently promotes, advertises, or markets, or planned or plans to promote, advertise, or market, each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products.

-9-

29.    All documents that relate or refer to the past and/or current marketing of, or plans to market, each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products.

30.    All documents that relate or refer to the development, approval, preparation of, proposals for, and distribution or planned distribution of advertising and promotional materials for each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products respectively.

31.    Documents that reveal ABS's total annual marketing expenses, including but not limited to, expenses for advertising and promotion, for each year from the date of ABS's incorporation through the present.

32.    Documents that reveal ABS's annual marketing expenses or planned expenses for each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products respectively, including but not limited to, expenses for advertising and promotion, for each year from the date of ABS's incorporation through the present.

33.    All documents that constitute, relate to, or refer to any instruction by ABS to another, including but not limited to printers, webmasters, and other third parties, to use any mark, name, or designation comprised in whole or in part of HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST without granting any assignment, license, or other transfer of any rights in any such mark, name, or designation.

34.    All documents that relate or refer to Bosch's use of each of its HYDRO-BOOST and/or HYDRO-MAX marks, including all documents that relate or refer to the circumstances

under which ABS first became aware of Bosch's use of each of its HYDRO-BOOST and HYDRO-MAX marks, and ABS's continuing knowledge of Bosch's use of each of its HYDRO-BOOST and HYDRO-MAX marks.

35.    All documents that relate or refer to Bendix's use each of the HYDRO-BOOST and/or HYDRO-MAX marks, including all documents that relate or refer to the circumstances under which ABS first became aware of Bendix's use of each of the HYDRO-BOOST and HYDRO-MAX marks, and ABS's continuing knowledge of Bendix's use of each of the HYDRO-BOOST and HYDRO-MAX marks.

36.    All documents that relate or refer to each of Bosch's HYDRO-BOOST products and Bosch's HYDRO-MAX products, including all documents that relate or refer to the circumstances under which ABS first became aware of Bosch's HYDRO-BOOST products and Bosch's HYDRO-MAX products, as well as ABS's continuing knowledge of Bosch's HYDRO-BOOST products and Bosch's HYDRO-MAX products.

37.    All documents that relate or refer to each of Bendix's HYDRO-BOOST products and Bendix's HYDRO-MAX products, including all documents that relate or refer to the circumstances under which ABS first became aware of Bendix's HYDRO-BOOST products and Bendix's HYDRO-MAX products, as well as ABS's continuing knowledge of Bendix's HYDRO-BOOST products and Bendix's HYDRO-MAX products.

38.    All documents that relate or refer to any instances of confusion, mistake, or deception that have or may have occurred between ABS and Bosch, including any inquiry as to any possible relationship, including but not limited to an authorized distributor relationship, between ABS and Bosch, as well as any evidence of any confusion in the minds of ABS's consumers, potential consumers, and/or the general consuming public.

-11-

39.     All documents that relate or refer to any instances of confusion, mistake, or deception that have or may have occurred between ABS and Bendix, including any inquiry as to any possible relationship between ABS and Bendix, including but not limited to an authorized distributor relationship, as well as any evidence of any confusion in the minds of ABS's consumers, potential consumers, and/or the general consuming public.

40.     All documents that relate or refer to any instances of confusion, mistake, or deception that have or may have occurred between ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products on the one hand and Bendix's and/or Bosch's HYDRO-BOOST products and/or HYDRO-MAX products on the other hand, including any inquiry as to the genuine or new nature of the ABS products and/or any relationship between ABS's products and Bendix's and/or Bosch's products, as well as any evidence of any confusion in the minds of ABS's consumers, potential consumers, and/or the general consuming public concerning the genuine or new nature of such products.

41.     All documents that relate or refer to, or identify, any defects regarding any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products, including all documents that relate or refer to any failure of such products to perform properly or to have been refurbished, remanufactured, rebuilt, or reconditioned properly and all documents showing defective products returned for credit.

42.     All civil and/or criminal complaints filed against ABS for claims alleging product liability or product defects relating to or regarding any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products, as well as documents sufficient to show all terms of the final disposition of each of the lawsuits

commenced by those complaints, including but not limited to court orders, settlement agreements, and any additional documents needed to show the complete terms of settlement.

43.    All civil and/or criminal complaints filed against ABS for claims alleging product liability or product defects for *any* products ABS sold, as well as documents sufficient to show all terms of the final disposition of each of the lawsuits commenced by those complaints, including but not limited to court orders, settlement agreements, and any additional documents needed to show the complete terms of settlement.

44.    All documents that constitute, or that relate or refer to, any complaints from any consumer, customer, or ABS purchaser regarding any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

45.    All documents that constitute, or that relate to or refer to, any formal or informal investigation, research endeavor, search, survey, test, poll, or study of any kind, including but not limited to trademark searches, trademark surveys, focus groups, and name selection research, that ABS conducted, caused to be conducted, or has knowledge of pertaining to the mark HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST, as well as any variations thereof.

46.    All documents that constitute, or that relate to or refer to, any applications by ABS to register, attempts by ABS to register, and/or registrations owned by ABS of any federal or state trademark, or any domain name, for any mark, name, or designation comprised in whole or in part of any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST, or the element HYDRO, as well as any variations thereof, including but not limited to, any search reports, surveys, or other investigations of uses of the marks.

47.    All documents that constitute, or that relate to or refer to, any applications by ABS to register, attempts by ABS to register, and/or registrations owned by ABS of any federal or state trademark, or any domain name, for any mark, name, or designation comprised in whole or in part of any marks other than those produced pursuant to Request No. 46, including but not limited to, the marks POWER MASTER and ELECTRIC POWER MASTER, including but not limited to, any search reports, surveys, or other investigations of uses of the marks.

48.    All documents that constitute, or that relate to or refer to, any formal or informal objections made by or directed to ABS relating to or referring to ABS's use or planned use of, or claimed rights in, any mark, name, or designation consisting in whole or in part of any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST, including but not limited to any demands by trade show operators for ABS to remove such marks from its displays.

49.    All documents that relate or refer to any of the following trade shows ABS attended, each year between 1995 and the present, either as a presenter or as a consumer, including documents showing any signs ABS exhibited at such trade shows: Apex, APRA, SEMA, and the Hotrod Restoration Show.

50.    Documents sufficient to identify each of ABS's employees and agents who attended each of the following trade shows each year between 1995 and the present: Apex, APRA, SEMA, and the Hotrod Restoration Show.

51.    All civil complaints filed by or against ABS for claims that include trademark infringement and/or unfair competition, and documents sufficient to show all terms of the final disposition of each of the lawsuits commenced by those complaints, including but not limited to

court orders, settlement agreements, and any additional documents needed to show the complete terms of settlement.

     52.    Documents sufficient to identify all third-party uses of marks allegedly similar to either of the marks HYDRO-BOOST and/or HYDRO-MAX about which ABS is aware that ABS asserts are merely descriptive or generic.

     53.    All documents that support, tend to support, refute, or tend to refute ABS's First and Second Counterclaims in this proceeding.

     54.    All documents that support, tend to support, refute, or tend to refute ABS's Third and Fourth counterclaims in this proceeding.

     55.    All documents reflecting the corporate organization and ownership of ABS, including but not limited to, all documents identifying the issue, purchase, and/or sale of shares of ownership in ABS, all corporate minutes, and all documents reflecting the appointment of and any changes in ABS's corporate officers, from the date of ABS's incorporation through the present.

Dated:  April 5, 2011

WIENNER & GOULD, P.C.

Seth D. Gould (Bar No. P45465)
950 W. University Dr., Ste. 350
Rochester, Michigan 48307
Telephone:  248-841-9400
Fax:  248-652-2729
E-mail:  sgould@wiennergould.com

PATTISHALL, McAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP

By:  s/Belinda J. Scrimenti
    Belinda J. Scrimenti (Bar. ID No. 6288885)
    Bradley L. Cohn
    Ian J. Block
    311 S. Wacker Drive, Suite 5000
    Chicago, Illinois 60606
    Telephone:  312-554-8000
    Fax:  312-554-8015
    E-mail:  bscrimenti@pattishall.com

Attorneys for Plaintiff Robert Bosch LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2011, I served a copy of the foregoing PLAINTIFF'S

FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO

DEFENDANT A.B.S. POWER BRAKE, INC. on David C. Kadin, Esq., Law Office of David C.

Kadin, 1262 Beryl Street, Suite 136, Redondo Beach, California 90277, attorney for Defendants,

by first class mail, postage prepaid, with a courtesy copy by e-mail.

s/Belinda J. Scrimenti
Belinda J. Scrimenti
(Bar. ID No. 6288885)
311 S. Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone:  312-554-8000
E-mail:  bscrimenti@pattishall.com

Exhibit 2(b)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ROBERT BOSCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-14468 |
| | ) | |
| v. | ) | Judge Patrick J. Duggan |
| | ) | |
| A.B.S. POWER BRAKE, INC., | ) | |
| PEDRO GOMEZ, | ) | |
| LUCIO GOMEZ, and | ) | |
| GUILLERMO GOMEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| AND RELATED COUNTERCLAIM. | ) | |
| | ) | |

## DEFENDANT A.B.S. POWER BRAKE, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (1-55)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant A.B.S. Power Brake, Inc. ("Responding Party") hereby objects and responds to each and every Request for Production of Documents (1-55) propounded by Plaintiff and Counterdefendant Robert Bosch LLC ("Propounding Party"), as follows:

## PRELIMINARY STATEMENT

Responding Party has not fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not prepared for trial. These responses are made solely for the purpose of this specific action only. Each response is subject to all appropriate objections, including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

1

Plaintiff has undertaken a reasonable and diligent search in light of the necessary time to respond, and has provided the most complete and accurate responses to this Request for Production of Documents based on that search. All of the responses contained herein are based upon such information and documents that are presently available to and specifically known to Plaintiff. It is anticipated that further discovery, investigation, research, and analysis will uncover additional documents.

The following responses to the Request for Production of Documents (Set One) are given without prejudice to Plaintiff's right to produce any subsequently uncovered documents. Plaintiff accordingly reserves the right to change, modify, amend, and/or supplement any and all responses herein should additional documents be uncovered.

The responses contained herein are made in a good faith effort to supply as much factual information as is presently known, but should in no way be to the prejudice of Plaintiff in relation to further discovery, research, or analysis.

## GENERAL OBJECTIONS

1.      Responding Party objects to each and every Request to the extent that the Request seeks documents which contain information protected by Responding Party's right to privacy under the California and/or United States Constitutions and/or California and federal statutes and/or case law. Such documents will not be produced.

2.      Responding Party objects to each and every Request to the extent that it calls for the production of documents that have previously been made available to Propounding Parties, or are equally available to Propounding Parties, or are public records. Such documents will not be produced.

3.      Responding Party objects to each and every Request to the extent that the Request would require Responding Party to disclose confidential, trade secret, or proprietary information regarding business matters, technical matters and other information regarding Responding Party products. Responding Party reserves the right to withhold material containing such information unless a suitable protective order is in place and to designate such materials in an appropriate manner in accordance with any such protective order. Responding Party also reserves the right to seek additional protection from the Court for its confidential information. Responding Party objects to

2

the disclosure of such confidential information regarding new products under development or design or not commercially introduced as not reasonably calculated to lead to the discovery of admissible evidence.

4.      Responding Party objects to each and every Request to the extent that it seeks documents which contain information protected by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege.  Such documents will not be produced.

5.      Responding Party objects to this Request for Production of Documents (1-55) in its entirety as being unduly burdensome and oppressive and designed to harass Responding Party by seeking information which is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence in this matter.  Responding Party further objects to the Requests which ask for "all," "any," or "any and all" of some category.  The grounds for this objection are that each such interrogatory is overly broad, unduly burdensome and oppressive, to the extent it would impose upon Responding Party a duty to search for items which would be unreasonable under the circumstances.  Responding Party acknowledges only a duty to search for information that is reasonable under the circumstances as provided by the Federal Rules of Civil Procedure and applicable case law.

6.      Responding Party objects to each and every Request on the grounds that they are overly broad, unduly burdensome, and oppressive, to the extent they would impose upon Responding Party a duty to produce information that is not in the possession, custody or control of Responding Party.  Responding Party also objects to each and every Request to the extent they would require Responding Party to obtain information from any former employee, consultant, agent, representative, officer, director, or attorney of Responding Party.  Responding Party will provide information only within its possession, custody, or control.

7.      Responding Party objects to this Request for Production of Documents (1-55) in its entirety as designating an unreasonable time for inspection and copying of the volume of business records demanded.

8.      Responding Party objects to this Request for Production of Documents (1-55) in its entirety as specifying an unreasonable place for inspection and copying the volume of business records demanded.

9.      Responding Party objects to the Definitions and Instructions in the Request for Production of Documents (1-55) on the grounds that they are overbroad, burdensome, oppressive, unintelligible and unreasonable under the circumstances as well as ambiguous rendering the demand categories herein unlimited in scope, unduly burdensome, irrelevant to the subject matter of the within litigation and not reasonably calculated to lead to the discovery of admissible evidence, invasive of the attorney-client and attorney-work product privileges and Responding Party's financial privacy rights under California and federal constitutions, case law and statutes.

10.      Responding Party objects to this Request for Production of Documents (1-55) in its entirety to the extent the demands herein purport to impose requirements beyond or inconsistent with the requirements of Federal Rules of Civil Procedure Rule 34, or any other applicable rule, statute or court order.

11.      By stating that Responding Party will produce documents in response to a particular Request, Responding Party is not agreeing or affirming that any such documents exist.

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST NO. 1.

All invoices for every product or brake core bearing the mark HYDRO-BOOST that ABS has rebuilt, refurbished, reconditioned, or remanufactured and sold, from the date of ABS's incorporation through the present.

RESPONSE TO REQUEST NO. 1.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks

4

disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 2.

All invoices for every product or brake core bearing the mark HYDRO-MAX that ABS has rebuilt, refurbished, reconditioned, or remanufactured and sold, from the date of ABS's incorporation through the present.

RESPONSE TO REQUEST NO. 2.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing,

Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 3.

All invoices for every one of ABS's sales of ABS's ELECTRO-HYDROBOOST Products, from the date of ABS's incorporation through the present.

RESPONSE TO REQUEST NO. 3.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 4.

All invoices for every one of ABS's sales of new products sold in connection with any of the marks HYDRO-BOOST and/or HYDRO-MAX, from the date of ABS's incorporation through the present.

## RESPONSE TO REQUEST NO. 4.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 5.

All invoices regarding any products ABS advertised in any catalog in connection with any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST.

## RESPONSE TO REQUEST NO. 5.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent

any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 6.

All documents identified in ABS's responses to Bosch's First Set of Interrogatories to Defendant A.B.S. Power Brake, Inc.

RESPONSE TO REQUEST NO. 6.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  Responding Party objects to this demand on grounds that it is overbroad, unduly burdensome, vague, ambiguous, unlimited in scope and improperly makes reference to information outside of the four corners of the discovery request.   In addition, Responding Party incorporates by reference each and every General Objection stated above as well as all objections set forth in Responding Party's Responses to Bosch's First Set of Interrogatories to Defendant A.B.S. Power Brake, Inc.   Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 7.

All documents that relate or refer to ABS's selection, adoption, and/or decision to use each of the marks HYDRO-BOOST, HYDRO-MAX, and ELECTRO-HYDROBOOST.

RESPONSE TO REQUEST NO. 7.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 8.

Documents that clearly depict images of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including documents sufficient to identify every style and kit variations ABS offers or has offered for each product identified.

RESPONSE TO REQUEST NO. 8.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek

the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 9.

Documents sufficient to reveal the date of ABS's first sale of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products identified in response to Request No. 8.

RESPONSE TO REQUEST NO. 9.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or

summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 10.

Specimens of or documents that show each label, sign, trade show display, catalog, website, trade dress, wrapper, packaging, promotion, advertisement, point-of-sale material, and any other marketing material ABS has used, uses, planned to use, or plans to use in connection with each of the marks HYDRO-BOOST, HYDRO-MAX, and ELECTRO-HYDROBOOST.

RESPONSE TO REQUEST NO. 10.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 11.

All documents that constitute, or which relate or refer to, all communications made or received by ABS that relate or refer to any of ABS's HYDRO-MAX Products, ABS's HYDRO-BOOST Products, and/or ABS's ELECTRO-HYDROBOOST Products, including, without limitation, communications made in person, at trade shows, by telephone, by facsimile, by e-mail, online, through the ABS website guestbook, or by any other hard copy or electronic means, excluding invoices.

RESPONSE TO REQUEST NO. 11.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 12.

A color copy of each distinct printed product catalog ABS has printed and/or distributed, from the date of ABS's incorporation through the present.

RESPONSE TO REQUEST NO. 12.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 13.

Documents that reflect in color each variation of ABS's online product catalog, from the date on which ABS first posted an online catalog to the present.

RESPONSE TO REQUEST NO. 13.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent

any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 14.

Documents that reflect all pages of each variation of any website ABS has owned and/or operated, including but not limited to the website located at www.abspowerbrake.com, from the creation of each such website through the present.

RESPONSE TO REQUEST NO. 14.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 15.

Documents that reflect all of ABS's past, current, and any future plans that relate or refer to use of any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST.

RESPONSE TO REQUEST NO. 15.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 16.

Documents sufficient to identify every entity from which ABS has purchased or received by exchange any product, or component parts of each product, including brake cores, that ABS has incorporated into, or used to rebuild, refurbish, recondition, or remanufacture, ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products.

RESPONSE TO REQUEST NO. 16.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 17.

All documents reflecting ABS's purchase of new ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any new component parts or brake cores for such products.

RESPONSE TO REQUEST NO. 17.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without

waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 18.

Documents sufficient to identify ABS's annual dollar amounts of purchases of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any component parts or brake cores for such products, and for each, indicating whether purchases are for new or for refurbished or remanufactured products.

RESPONSE TO REQUEST NO. 18.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 19.

Documents sufficient to identify ABS's annual unit volumes of purchases of each of
ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's
ELECTRO-HYDROBOOST Products, including any component parts or brake cores for
such products, and for each, indicating whether purchases are for new or for
refurbished or remanufactured products, for each year from the date of ABS's
incorporation through the present.

RESPONSE TO REQUEST NO. 19.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to
the discovery of admissible evidence; Overly broad and unduly burdensome; May seek
the production of documents protected by the attorney-client privilege or other
applicable privilege; May seek the production of documents protected as attorney work
product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks
disclosure of confidential business information and/or trade secrets; Improperly
compound; and Assumes facts not in evidence.   In addition, Responding Party
incorporates by reference each and every General Objection stated above. Without
waiving the foregoing objections, Responding Party responds as follows: To the extent
any exist, Responding Party will provide the Propounding Party with a reasonable
opportunity to examine the records and to make copies, compilations, abstracts, or
summaries of those responsive, non-privileged documents and things at a mutually
convenient time and place. Further, because discovery is incomplete and continuing,
Responding Party specifically reserves the right to amend this Response should
circumstances so warrant.

REQUEST NO. 20.

Documents sufficient to identify ABS's annual dollar amounts of sales of each of ABS's
HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-
HYDROBOOST Products, including any component parts or brake cores for such
products, and for each, indicating whether sales are for new or for refurbished or

remanufactured products, for each year from the date of ABS's incorporation through the present.

## RESPONSE TO REQUEST NO. 20.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 21.

Documents sufficient to identify ABS's annual unit volumes of sales of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products, including any component parts or brake cores for such products, and for each, indicating whether sales are for new or for refurbished or remanufactured products, for each year from the date of ABS's incorporation through the present.

## RESPONSE TO REQUEST NO. 21.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek

the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 22.

All tax returns ABS filed with the United States Internal Revenue Service and California State taxing authorities, for each year from the date of ABS's incorporation through the present.

RESPONSE TO REQUEST NO. 22.

Objection.   Seeks documents which contain information protected by Responding Party's right to privacy under the California and/or United States Constitutions and/or California and federal statutes and/or case law; Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above.

REQUEST NO. 23.

All ABS corporate financial statements, including audited and unaudited statements, for each year from the date of ABS's incorporation through the present.

RESPONSE TO REQUEST NO. 23.

Objection.   Seeks documents which contain information protected by Responding Party's right to privacy under the California and/or United States Constitutions and/or California and federal statutes and/or case law; Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 24.

Documents sufficient to show the quantity of braking systems rebuilt, refurbished, reconditioned, or remanufactured by ABS since the date of its incorporation that incorporated brake cores or other components depicting or bearing Bosch's mark HYDRO-BOOST and/or Bosch's mark HYDRO-MAX.

## RESPONSE TO REQUEST NO. 24.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 25.

Documents sufficient to identify ABS's annual gross profits from sales respectively of each of ABS's HYDRO-BOOST Products, each of ABS's HYDRO-MAX Products, and each of ABS's ELECTRO-HYDROBOOST Products.

## RESPONSE TO REQUEST NO. 25.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without

waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 26.

Documents sufficient to identify all elements of cost or deduction ABS claims relate to ABS's sales respectively of each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products.

RESPONSE TO REQUEST NO. 26.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 27.

All invoices for every product or service ABS has sold, from the date of its incorporation through the present.

RESPONSE TO REQUEST NO. 27.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above.

REQUEST NO. 28.

Documents sufficient to reveal each channel of trade (i.e., wholesale, retail, fleet operator, car enthusiast, online, in-person, etc.) through which ABS has and/or currently promotes, advertises, or markets, or planned or plans to promote, advertise, or market, each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO¬HYDROBOOST Products.

RESPONSE TO REQUEST NO. 28.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without

waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 29.

All documents that relate or refer to the past and/or current marketing of, or plans to market, each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products.

## RESPONSE TO REQUEST NO. 29.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 30.

All documents that relate or refer to the development, approval, preparation of, proposals for, and distribution or planned distribution of advertising and promotional materials for each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products respectively.

RESPONSE TO REQUEST NO. 30.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 31.

Documents that reveal ABS's total annual marketing expenses, including but not limited to, expenses for advertising and promotion, for each year from the date of ABS's incorporation through the present.

## RESPONSE TO REQUEST NO. 31.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 32.

Documents that reveal ABS's annual marketing expenses or planned expenses for each of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and ABS's ELECTRO-HYDROBOOST Products respectively, including but not limited to, expenses for advertising and promotion, for each year from the date of ABS's incorporation through the present.

## RESPONSE TO REQUEST NO. 32.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly

compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 33.

All documents that constitute, relate to, or refer to any instruction by ABS to another, including but not limited to printers, webmasters, and other third parties, to use any mark, name, or designation comprised in whole or in part of HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST without granting any assignment, license, or other transfer of any rights in any such mark, name, or designation.

RESPONSE TO REQUEST NO. 33.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing,

Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 34.

All documents that relate or refer to Bosch's use of each of its HYDRO-BOOST and/or HYDRO-MAX marks, including all documents that relate or refer to the circumstances under which ABS first became aware of Bosch's use of each of its HYDRO-BOOST and HYDRO-MAX marks, and ABS's continuing knowledge of Bosch's use of each of its HYDRO-BOOST and HYDRO-MAX marks.

RESPONSE TO REQUEST NO. 34.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 35.

All documents that relate or refer to Bendix's use each of the HYDRO-BOOST and/or HYDRO-MAX marks, including all documents that relate or refer to the circumstances under which ABS first became aware of Bendix's use of each of the HYDRO-BOOST

and HYDRO-MAX marks, and ABS's continuing knowledge of Bendix's use of each of the HYDRO-BOOST and HYDRO-MAX marks.

RESPONSE TO REQUEST NO. 35.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 36.

All documents that relate or refer to each of Bosch's HYDRO-BOOST products and Bosch's HYDRO-MAX products, including all documents that relate or refer to the circumstances under which ABS first became aware of Bosch's HYDRO-BOOST products and Bosch's HYDRO-MAX products, as well as ABS's continuing knowledge of Bosch's HYDRO-BOOST products and Bosch's HYDRO-MAX products.

RESPONSE TO REQUEST NO. 36.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other

applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 37.

All documents that relate or refer to each of Bendix's HYDRO-BOOST products and Bendix's HYDRO-MAX products, including all documents that relate or refer to the circumstances under which ABS first became aware of Bendix's HYDRO-BOOST products and Bendix's HYDRO-MAX products, as well as ABS's continuing knowledge of Bendix's HYDRO-BOOST products and Bendix's HYDRO-MAX products.

## RESPONSE TO REQUEST NO. 37.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable

opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

<u>REQUEST NO. 38.</u>

All documents that relate or refer to any instances of confusion, mistake, or deception that have or may have occurred between ABS and Bosch, including any inquiry as to any possible relationship, including but not limited to an authorized distributor relationship, between ABS and Bosch, as well as any evidence of any confusion in the minds of ABS's consumers, potential consumers, and/or the general consuming public.

<u>RESPONSE TO REQUEST NO. 38.</u>

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: None. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

<u>REQUEST NO. 39.</u>

All documents that relate or refer to any instances of confusion, mistake, or deception that have or may have occurred between ABS and Bendix, including any inquiry as to any possible relationship between ABS and Bendix, including but not limited to an

authorized distributor relationship, as well as any evidence of any confusion in the minds of ABS's consumers, potential consumers, and/or the general consuming public.

## RESPONSE TO REQUEST NO. 39.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.    In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: None. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 40.

All documents that relate or refer to any instances of confusion, mistake, or deception that have or may have occurred between ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products on the one hand and Bendix's and/or Bosch's HYDRO-BOOST products and/or HYDRO-MAX products on the other hand, including any inquiry as to the genuine or new nature of the ABS products and/or any relationship between ABS's products and Bendix's and/or Bosch's products, as well as any evidence of any confusion in the minds of ABS's consumers, potential consumers, and/or the general consuming public concerning the genuine or new nature of such products.

## RESPONSE TO REQUEST NO. 40.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other

applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: None. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 41.

All documents that relate or refer to, or identify, any defects regarding any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products, including all documents that relate or refer to any failure of such products to perform properly or to have been refurbished, remanufactured, rebuilt, or reconditioned properly and all documents showing defective products returned for credit.

RESPONSE TO REQUEST NO. 41.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: None. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

34

REQUEST NO. 42.

All civil and/or criminal complaints filed against ABS for claims alleging product liability or product defects relating to or regarding any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products, as well as documents sufficient to show all terms of the final disposition of each of the lawsuits commenced by those complaints, including but not limited to court orders, settlement agreements, and any additional documents needed to show the complete terms of settlement.

RESPONSE TO REQUEST NO. 42.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 43.

All civil and/or criminal complaints filed against ABS for claims alleging product liability or product defects for any products ABS sold, as well as documents sufficient to show all terms of the final disposition of each of the lawsuits commenced by those complaints,

including but not limited to court orders, settlement agreements, and any additional documents needed to show the complete terms of settlement.

RESPONSE TO REQUEST NO. 43.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 44.

All documents that constitute, or that relate or refer to, any complaints from any consumer, customer, or ABS purchaser regarding any of ABS's HYDRO-BOOST Products, ABS's HYDRO-MAX Products, and/or ABS's ELECTRO-HYDROBOOST Products.

RESPONSE TO REQUEST NO. 44.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work

product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 45.

All documents that constitute, or that relate to or refer to, any formal or informal investigation, research endeavor, search, survey, test, poll, or study of any kind, including but not limited to trademark searches, trademark surveys, focus groups, and name selection research, that ABS conducted, caused to be conducted, or has knowledge of pertaining to the mark HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST, as well as any variations thereof

RESPONSE TO REQUEST NO. 45.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable

opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

<u>REQUEST NO. 46.</u>

All documents that constitute, or that relate to or refer to, any applications by ABS to register, attempts by ABS to register, and/or registrations owned by ABS of any federal or state trademark, or any domain name, for any mark, name, or designation comprised in whole or in part of any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-HYDROBOOST, or the element HYDRO, as well as any variations thereof, including but not limited to, any search reports, surveys, or other investigations of uses of the marks.

<u>RESPONSE TO REQUEST NO. 46.</u>

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 47.

All documents that constitute, or that relate to or refer to, any applications by ABS to register, attempts by ABS to register, and/or registrations owned by ABS of any federal or state trademark, or any domain name, for any mark, name, or designation comprised in whole or in part of any marks other than those produced pursuant to Request No. 46, including but not limited to, the marks POWER MASTER and ELECTRIC POWER MASTER, including but not limited to, any search reports, surveys, or other investigations of uses of the marks.

RESPONSE TO REQUEST NO. 47.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 48.

All documents that constitute, or that relate to or refer to, any formal or informal objections made by or directed to ABS relating to or referring to ABS's use or planned use of, or claimed rights in, any mark, name, or designation consisting in whole or in part of any of the marks HYDRO-BOOST, HYDRO-MAX, and/or ELECTRO-

HYDROBOOST, including but not limited to any demands by trade show operators for ABS to remove such marks from its displays.

RESPONSE TO REQUEST NO. 48.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 49.

All documents that relate or refer to any of the following trade shows ABS attended, each year between 1995 and the present, either as a presenter or as a consumer, including documents showing any signs ABS exhibited at such trade shows: Apex, APRA, SEMA, and the Hotrod Restoration Show.

RESPONSE TO REQUEST NO. 49.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work

product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 50.

Documents sufficient to identify each of ABS's employees and agents who attended each of the following trade shows each year between 1995 and the present: Apex, APRA, SEMA, and the Hotrod Restoration Show.

RESPONSE TO REQUEST NO. 50.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing,

Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 51.

All civil complaints filed by or against ABS for claims that include trademark infringement and/or unfair competition, and documents sufficient to show all terms of the final disposition of each of the lawsuits commenced by those complaints, including but not limited to court orders, settlement agreements, and any additional documents needed to show the complete terms of settlement.

RESPONSE TO REQUEST NO. 51.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 52.

Documents sufficient to identify all third-party uses of marks allegedly similar to either of the marks HYDRO-BOOST and/or HYDRO-MAX about which ABS is aware that ABS asserts are merely descriptive or generic.

42

RESPONSE TO REQUEST NO. 52.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.   In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 53.

All documents that support, tend to support, refute, or tend to refute ABS's First and Second Counterclaims in this proceeding.

RESPONSE TO REQUEST NO. 53.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  Responding Party objects to this demand on grounds that it is overbroad, unduly burdensome, vague, ambiguous,

unlimited in scope and improperly makes reference to information outside of the four corners of the discovery request. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

## REQUEST NO. 54.

All documents that support, tend to support, refute, or tend to refute ABS's Third and Fourth counterclaims in this proceeding.

## RESPONSE TO REQUEST NO. 54.

Objection. Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence. Responding Party objects to this demand on grounds that it is overbroad, unduly burdensome, vague, ambiguous, unlimited in scope and improperly makes reference to information outside of the four corners of the discovery request. In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time

and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

REQUEST NO. 55.

All documents reflecting the corporate organization and ownership of ABS, including but not limited to, all documents identifying the issue, purchase, and/or sale of shares of ownership in ABS, all corporate minutes, and all documents reflecting the appointment of and any changes in ABS's corporate officers, from the date of ABS's incorporation through the present.

RESPONSE TO REQUEST NO. 55.

Objection.  Vague, ambiguous and unintelligible; Not reasonably calculated to lead to the discovery of admissible evidence; Overly broad and unduly burdensome; May seek the production of documents protected by the attorney-client privilege or other applicable privilege; May seek the production of documents protected as attorney work product; Calls for expert opinion testimony; Calls for a legal conclusion; Seeks disclosure of confidential business information and/or trade secrets; Improperly compound; and Assumes facts not in evidence.  In addition, Responding Party incorporates by reference each and every General Objection stated above. Without waiving the foregoing objections, Responding Party responds as follows: To the extent any exist, Responding Party will provide the Propounding Party with a reasonable opportunity to examine the records and to make copies, compilations, abstracts, or summaries of those responsive, non-privileged documents and things at a mutually convenient time and place. Further, because discovery is incomplete and continuing, Responding Party specifically reserves the right to amend this Response should circumstances so warrant.

AS TO THE OBJECTIONS:

5/9/11

Date

David Kadin, Esq.
Law Office of David Kadin
Attorney for Defendants and
Counterclaimant

46

## VERIFICATION

I, Pedro Gomez, hereby declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Responses to Plaintiff's First Set of Request for Production of Documents to Defendant A.B.S. Power Brake, Inc. (Nos. 1-55) and that based upon my personal knowledge or information provided to me, the answers therein are true and correct to the best of my knowledge and belief.

Executed this 9th day of May, 2011, in Orange, California.

Pedro Gomez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Responses to Plaintiff's First Set of Request for Production of Documents to A.B.S. Power Brake, Inc. (Nos. 1-55) has been served this 9th day of May, 2011 by United States Postal Service, First Class Mail, postage pre-paid to:

> Belinda Scrimenti, Esq.
> PATTISHALL McAULIFFE NEWBURY
> HILLIARD & GERALDSON LLP
> 311 South Wacker Drive, Suite 5000
> Chicago IL 60606
>
>
> David Kadin, Esq.
> Law Office of David Kadin
> Attorney for Defendants and
> Counterclaimant

48